**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| DAVID'S BRIDAL, INC., et. al.[1] | ) ) ) | Case No. 18-12635 (LSS) |
| Debtors. | ) ) ) ) ) | (Jointly Administered) Related D.I. 12 |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF
SALESFORCE.COM, INC. TO THE ASSUMPTION AND ASSIGNMENT
OF EXECUTORY CONTRACTS AND RELEASE**

salesforce.com, Inc. ("Salesforce"), by and through its undersigned counsel, hereby files its limited objection and reservation of rights (the "Limited Objection") to the proposed assumption of the Salesforce Contract (as hereinafter defined) by David's Bridal, Inc. and the affiliated above-captioned Debtors (collectively, the "Debtors") pursuant to the *Joint Prepackaged Chapter 11 Plan of Reorganization under Chapter 11 of the Bankruptcy Code* (the "Plan").[2]

Subject to the entry of an order granting the relief requested in this Limited Objection, Salesforce does not object to the assumption of the Salesforce Contract (as hereinafter identified) or confirmation of the Plan.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: David's Bridal, Inc.; DB Investors, Inc.; DB Holdco, Inc.; and DB Midco, Inc.

[2] *See Proposed Joint Prepackaged Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [ECF 12].

{01397020;v2} - 1 -

Objection and Reservation of Rights of Salesforce Re
Assumption of Executory Contracts

## RELIEF SOUGHT

More specifically, Salesforce seeks the entry of an order (the "Confirmation Order") that includes the following relief and protections of Salesforce's interests:

A. Requires the Debtors to pay not less than US $351,710.49 (the "Salesforce Cure Amount") to Salesforce to cure the monetary default that has accrued, and remains due and owing but unpaid as of this date, plus any additional amounts as may accrue prior to the Confirmation Order becoming effective, as a condition of approving the assumption of the Salesforce Contract (as hereinafter identified);

B. Conditions the effectiveness of the assumption, or the assumption and assignment, of the Salesforce Contract upon satisfaction of the following conditions:

1. the payment of the Salesforce Cure Amount in full pursuant to §§ 8.1, 8.2 and 8.3 of the Plan (subject to resolution of any Assumption Disputes pursuant to § 8.2(b));

2. in the event that the Debtors determine to assign the Salesforce Contract after its assumption, the Debtors shall identify the prospective assignee (the "Assignee") of such contract and submit admissible evidence providing adequate assurance that the Assignee is capable and willing to perform all terms and conditions of the Salesforce Contract including, without limitation, payment of all Future Revenues (as hereinafter identified) pursuant to such contract; and

3. notwithstanding anything contained in Article X of the Plan, the Release (set forth in §10.6 (b) of the Plan) shall not be effective with respect to Salesforce, the Salesforce Cure Amount or the Salesforce Contract unless and until the Salesforce Cure Amount has been paid in full as otherwise provided by the Plan.

C. Approves the Reservation of Rights as hereinafter set forth; and

D. Grants such other relief as may be just and proper.

The Limited Objection is based on the matters set forth herein, the *Declaration of Kevin Ramirez In Support of Limited Objection and Reservation Of Rights Of Salesforce.Com, Inc. to the Possible Assumption of Executory Contracts* (the "Ramirez Declaration") filed in support hereof, the files and the records in this case, and such other and further evidence as may be submitted at or before the trial on this matter.

Salesforce requests that the Court take judicial notice of the pleadings filed in this case and the facts set forth in any of the Court's orders, findings of fact and conclusions of law pursuant to Rule 201 of the Federal Rules of Evidence (as incorporated by Rule 9017 of the Federal Rules of Bankruptcy Procedure).

## BACKGROUND

1. Salesforce is a Delaware corporation and, among other activities, it provides on-demand customer relationship management and software application services (collectively, the "Salesforce Services") to Salesforce's business customers (individually, a "Salesforce Customer" and, collectively, "Salesforce Customers"). *See* Ramirez Declaration at ¶2.

2. The Debtors entered into those certain Order Forms listed below (the "Orders") whereby the Debtors ordered Salesforce Services and became obligated to pay the aggregate full contract amount for such services, and Salesforce became obligated to provide these services.

| Order No. | Order Date | Term | Contact Number |
|---|---|---|---|
| Q-04071 | 8/17/2018 | 8/8/18 TO 1/7/20 | 1979105 |
| Q-01742598 | 4/26/2018 | 5/1/18 to 4/30/20 | 1920266 |
| Q-0192411 | 5/30/2018 | 5/1/18 to 4/30/20 | 1920266 |

*See* Ramirez Declaration at ¶7.

3. The terms and conditions applicable to the Salesforce Services that are subject to the Orders are set forth in the *Master Subscription Agreement*, dated August 14, 2014, by and between the Debtor and Salesforce (the "MSA"). *See* Ramirez Declaration at ¶8.

4. On September 1, 2017, and on June 28, 2018, the Debtor entered into those certain *Statement of Work (Time & Materials)* (the "SOWs") whereby the Debtors ordered Salesforce Services and became obligated to pay the aggregate full contract amount for such services, and Salesforce became obligated to provide these services. *See* Ramirez Declaration at ¶9.

5. The terms and conditions applicable to the Salesforce Services that are subject to the SOWs are set forth in the *Professional Services Agreement*, dated September 1, 2016, by and between the Debtor and Salesforce (the "PSA" and the MSA, together with the Salesforce Orders and the SOWs, constitute the "Salesforce Contract"). *See* Ramirez Declaration at ¶10.

The Plan of Reorganization.

6. On November 19, 2018 (the "Petition Date"), the Debtors filed their individual, voluntary petitions in the above-captioned Court seeking relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

7. On November 19, 2018, the Debtors filed their Plan[3] seeking, among other things, the assumption of certain executory contracts and unexpired leases (collectively, the "Assumed Contracts").

8. With respect to the Assumed Contracts, the Plan provides, in pertinent part, that:

 a. as of and subject to the occurrence of the Effective Date and the payment of any applicable Cure Amount, all executory contracts shall be deemed assumed except for any executory contract previously rejected, subject to a motion to assume or reject, or subject

---

[3] *See Proposed Joint Prepackaged Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [ECF 12].

to a pending Assumption Dispute;[4]

  b. subject to satisfaction of the conditions set forth above, resolution of any Assumption Dispute and the occurrence of the Effective Date, entry of the Confirmation Order shall constitute approval of the assumption, or assumption and assignment, and a determination by the Bankruptcy Court that the Reorganized Debtors have provided adequate assurance of future performance under each assumed executory contract, and the assumption of executory contracts and unexpired leases under the Plan may include the assignment of certain of such contracts to Affiliates;[5]

  c. the Debtors must serve a notice on counterparties to executory contracts and unexpired leases to be assumed, or assumed and assigned, reflecting the Debtors' intention to assume (or assume and assign) the executory contract or unexpired lease in connection with the Plan and indicating that the Cure Amount shall be asserted against the Debtors or the Reorganized Debtors, as applicable; and

  d. all Cure Amounts shall be paid by the Debtors or the Reorganized Debtors, as applicable, in the ordinary course;[6]

9. On November 30, 2018, the Debtors filed their *Assumption Notice*.[7] Despite the provisions of the Plan, the *Assumption Notice* does not identify either the specific

---

[4] *See* Plan at §8.1 (a): "As of and subject to the occurrence of the Effective Date and the payment of any applicable Cure Amount, all executory contracts . . . shall be deemed assumed . . . except for any executory contract or unexpired lease that (i) previously has been assumed, assumed and assigned, or rejected . . ., (ii) is the subject of a separate motion or notice filed . . . on or before the Confirmation Date seeking to assume, assume and assign, or reject pursuant to this Plan, the Confirmation Order or section 365 . . ., or (iii) is the subject of a pending Assumption Dispute.

[5] *See* Plan, at §8.1 (b).

[6] *See* Plan at §8.2 (b).

[7] *See Notice to Counterparties to Executory Contracts and Unexpired Leases of the Debtors that May be Assumed and Assigned* [ECF 183].

executory contracts and unexpired leases the Debtors intend to assume (or assume and assign) or the Cure Amounts that must be paid with respect to any such contracts or leases.

10. The Plan also provides that, as of the Effective Date of the Plan, the Holders of Claims and other parties-in-interest (the "<u>Releasing Parties</u>")[8] are deemed to fully, conclusively, absolutely and irrevocably release and discharge the Released Parties[9] from, among other things, any and all Claims, obligations, rights, damages, demands, debts, rights, Causes of Action, and liabilities, existing or hereinafter arising, that any such Releasing Party would have been legally entitled to assert based on or relating to, or in any manner arising from, the Debtors, the Estates, the conduct of the Debtors' businesses, the Chapter 11 Cases, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan.[10]

<u>Salesforce Cure Amount & Future Revenues Under the Salesforce Contract</u>

11. Based on Salesforce's review of its books and records pertinent to the Debtors' account(s), Salesforce asserts that: (a) the Debtors (including, without limitation, David's Bridal, Inc.) have failed to pay all Fees due and owing pursuant to the Salesforce Contract, and (b) more specifically, as of this date, not less than **US$ 351,710.49** (the "<u>Salesforce Cure Amount</u>") is due and owing to Salesforce pursuant to the Salesforce Contract, of which $295,087.49 past due. *See* Ramirez Declaration at ¶15.

12. Based upon Salesforce's books and records pertinent to the Debtors' account(s), Salesforce believes and asserts that, from and after the date of the Ramirez Declaration, an additional amount of **US$ 1,500,470.44** will become due and owing for the Salesforce Services to be provided through the end of the term of the Salesforce Contract

---

[8] *See* Plan, Article I., §110.

[9] The "Released Parties" are identified in the Plan at Article I., §109.

[10] *See* §10.6(b) of the Plan.

(the "Future Revenues"). *See* Ramirez Declaration at ¶16.

## GROUNDS FOR THE RELIEF REQUESTED

### A. All Defaults Under An Assumed Contract Must Be Cured

13. Pursuant to the Bankruptcy Code, a debtor in possession (or trustee) is prohibited from assuming an executory contract or unexpired leases unless it cures all monetary defaults in full – including all monetary defaults that arise both pre-petition and post-petition. *See* 11 U.S.C. §365(b)(1)(A); *In re Kiwi Intern. Air Lines, Inc*., 344 F.3d 311, 318 (3rd Cir. 2003) ("Once an assumption order is entered, the creditor must perform in accordance with the terms of the assumed agreements. . . In other words, the debtor must cure all defaults, assure future performance, and make the other contracting party whole before it may be permitted to assume the agreement.").[11] "The other party to the contract or lease that the [debtor in possession or] trustee proposes to assume is entitled to insist that any defaults, whenever they may have occurred, be cured, that appropriate compensation be provided, and that, a past default having occurred, adequate assurance of future performance is available." 3 COLLIERS ON BANKRUPTCY § 365.05[2] (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev. 2008).

14. Here, the evidence submitted by Salesforce establishes that, as of this date, not less than **US$ 351,710.49** (*i.e.*, the Salesforce Cure Amount) is due and owing, but unpaid, pursuant to the Salesforce Contract. *See* Ramirez Declaration at ¶15. Accordingly, based on the evidence before the Court, the Debtors are obligated to cure this monetary default in full as a condition of the assumption of the Salesforce Contract pursuant to 11 U.S.C. §365(b)(1)(A).

---

[11] A*ccord, In re Columbia Gas System Inc.,* 50 F.3d 233, 238–39 (3d Cir.1995) ("the Bankruptcy Code provides that the cost of performing the debtor's obligations is an administrative expense of the estate. . . ."); *Stoltz v. Brattleboro Housing Authority,* 315 F.3d 80, 94 (2nd Cir. 2002).

**B. Assignment of the Executory Contract and Unexpired Lease**

15. The Bankruptcy Code permits assignment of an unexpired executory contract or unexpired lease only if (A) the debtor in possession or trustee assumes the contract or lease in accordance with 11 U.S.C. §365(b)(1), and (B) the assignee provides adequate assurance of future performance of such contract or lease, whether or not there has been a default in such contract or lease. *See* 11 U.S.C. §365(f)(1), (2)(A) and (B); *In re Fleming Companies, Inc.*, 499 F.3d 300, 305 (3d Cir. 2007) (assignment denied where the prospective assignee cannot perform a material and significant term of the agreement).[12] Determining whether an assignee has provided adequate assurance of its ability to perform the contract in the future "must be determined by consideration of the facts of the proposed assumption." *Id.* at 307. Adequate assurance of future performance has to be provided before an assignment may be authorized even if the executory contract at issue is not in default (*e.g.*, a monetary default has been cured as a condition of assumption pursuant to 11 U.S.C. §365(b)(1)). *Id.* at 305.

16. Additionally, the non-debtor counterparty to the executory contract that may be assumed and assigned is entitled to notice of the identity of the actual assignee and to demand adequate assurance of future performance by that specific assignee. *In re Golden Books Family Entertainment, Inc.*, 269 B.R. 300 (Bankr. D. Del. 2001).

17. Here, Salesforce does not object to the assignment of the Salesforce Contract *provided* that the identity of the prospective assignee is disclosed by the Debtors, and evidence providing adequate assurance of future performance by the prospective assignee is adduced and timely submitted for Salesforce's review and consideration.

**RESERVATION OF RIGHTS**

18. Salesforce does not object to the assumption of the Salesforce Contract provided

---

[12] *Accord, In re Kiwi Int'l Air Lines, Inc.,* 344 F.3d 311, 318 (3rd Cir. 2003); *Cinicola v. Scharffenberger*, 248 F.3d 110, 120 (3d Cir. 2001); *In re Joshua Slocum Limited*, 922 F.2d 1081, 1091 (3rd Cir. 1990).

the Confirmation Order requires payment of the Salesforce Cure Amount (plus all amounts that accrue from this date through the effective date of the Assumption Order) in full, and includes the other relief requested by this Limited Objection.

19. However, with respect to any and all other executory contracts and/or unexpired leases to which it is a counterparty (individually, an "Excluded Contract") and, collectively, the "Excluded Contracts") other than the Salesforce Contract, Salesforce hereby expressly reserves (the "Reservation of Rights") all rights, interests, claims, counterclaims, rights of setoff and recoupment and/or defenses pertaining to any or all Excluded Contracts including, without limitation, (a) the right to object to the assumption and/or assignment by the Debtors of any such Excluded Contract, (b) the right to payment of all monetary defaults that exist with respect to each such Excluded Contract, and/or (c) the right to have the assignment of any such Excluded Contract specifically conditioned on the Court finding, based on competent evidence, that the actual, proposed assignee of such contract is capable of performing all terms and conditions of such Excluded Contract including, without limitation, payment of all amounts that will come due and owing subsequent to any such assignment.

WHEREFORE, if the Court determines to approve the assumption of the Salesforce Contract, Salesforce requests that the Assumption Order include the following relief and protections of Salesforce's interests:

A. Findings of fact and conclusions of law that state: (1) the Salesforce Contract constitutes a single integrated executory contract for purposes of assumption and assignment pursuant to 11 U.S.C. §365; (2) the Services are provided by Salesforce to the Debtors pursuant to the Salesforce Contract; (3) the Salesforce Cure Amount that has accrued, and remains due and owing pursuant to the Salesforce Contract is not less than US$351,710.49, plus all additional amounts that accrue from the entry of the Assumption Order through the date such order becomes effective; and (4) from and after this date through the expiration of

the Salesforce Contract, the Future Revenues of not less than $1,500,470.44 will be due and owing on account of the Services provided (or to be provided) pursuant to such contract.

      B.     Orders the Debtors to pay to Salesforce, in satisfaction of the Salesforce Cure Amount, not less than US$ **351,710.49** to cure the monetary default that has accrued, and remains due and owing but unpaid to date, plus such additional amounts as may accrue prior to the Confirmation Order (and Plan) becoming effective with respect to assumption of the Salesforce Contract.

      C.     Conditions the effectiveness of the assumption, or the assumption and assignment, of the Salesforce Contract upon the satisfaction of the following conditions:

          1. the payment of the Salesforce Cure Amount in full pursuant to §§ 8.1, 8.2 and 8.3 of the Plan (subject to resolution of any Assumption Disputes pursuant to § 8.2(b));

          2. the Debtors' identification of the prospective Assignee of the Salesforce Contract, and submission of admissible evidence that provides adequate assurance that the Assignee is capable and willing to perform all terms and conditions of the Salesforce Contract including, without limitation, payment of all Future Revenues pursuant to such contract after its assumption and assignment; and

          3. notwithstanding anything contained in Article X of the Plan, the Release subject to §10.6 (b) of the Plan shall not be effective with respect to Salesforce, the Salesforce Cure Amount or the Salesforce Contract unless and until the Salesforce Cure Amount has been paid in full as otherwise provided by Article VIII of the Plan.

      D.     Approves the Reservation of Rights at it pertains to any Excluded Contract; and

      E.     Grants such other relief as may be just and proper.

Dated:  December 14, 2018	ASHBY & GEDDES, P.A.

*/s/ Ricardo Palacio*
Ricardo Palacio (#3765)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067
E-mail: rpalacio@ashby-geddes.com


-and-

BIALSON, BERGEN & SCHWAB,
A Professional Corporation

Thomas M. Gaa, Esq.
2600 El Camino Real, Suite 300
Palo Alto, CA 94306
Telephone: (650) 857-9500
Fax: (650) 494-2738
E-mail: Tgaa@bbslaw.com

*Attorneys for creditor salesforce.com, Inc.*