# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| DAVID'S BRIDAL, INC., *et al.*,[1] | Case No. 18-12635 (LSS) |
| Debtors. | (Jointly Administered) |
| | Objection Deadline: December 14, 2018 |
| | Related Docket No. 138 |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF CUMBERLAND AVENUE PLAZA, L.L.C. TO THE DEBTORS' NOTICE OF ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF DEBTORS AND RELATED PROCEDURES**

Cumberland Avenue Plaza, L.L.C. (the "Landlord"), by and through its attorneys, submits this Limited Objection and Reservation of Rights (the "Limited Objection") to the Debtors' Notice of Assumption of Executory Contracts and Unexpired Leases of Debtors and Related Procedures (Dkt. 138). In support of this Limited Objection, the Landlord respectfully represents as follows:

### JURISDICTION

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: David's Bridal, Inc. (4563); DB Investors, Inc. (8503); DB Holding, Inc. (4567); and DB Midco, Inc. (3096). The location of the Debtors' corporate headquarters is 1001 Washington Street, Conshohocken, Pennsylvania 19428.

**BACKGROUND**

2. On November 19, 2018 (the "Petition Date"), the Debtors commenced voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the Court.

3. The Landlord and one of the Debtors, David's Bridal, Inc. (the "Tenant"), are parties to an unexpired lease of nonresidential real property (the "Lease") of premises located at 40 Cumberland Avenue, North Attleboro, MA (the "Premises").

4. On the Petition Date, the Debtors filed a Proposed Joint Prepackaged Chapter 11 Plan of Reorganization under Chapter 11 of the Bankruptcy Code (the "Plan") (Dkt. 12) and a proposed Disclosure Statement for Joint Prepackaged Chapter 11 Plan of Reorganization of David's Bridal, Inc. and It's Affiliated Debtors (the "Disclosure Statement") (Dkt. 13).

5. Pursuant to Section 8.1 of the Plan, on November 30, 2018, the Debtors filed and served a Notice of Assumption of Executory Contracts and Unexpired Leases of Debtors and Related Procedures (the "Assumption Notice") (Dkt. 138).

**OBJECTION**

6. The Landlord does not object to the Debtors' assumption of the Lease as long as the requirements of Section 365 of the Bankruptcy Code are complied with and the Landlord's rights are not violated.

*A. The Landlord Objects to Any Assignment of the Lease under the Plan.*

7. The Plan provides for deemed assumption of all unexpired leases of nonresidential real property as of and subject to the occurrence of the effective date,

> "except for any executory contract or unexpired lease that (i) previously has been assumed, assumed and assigned, or rejected . . ., (ii) is the subject of a separate motion or notice filed by the Debtors on or before the Confirmation Date seeking to assume, assume and assign, or reject pursuant to this Plan, the Confirmation

Order or section 365 of the Bankruptcy Code, or (iii) is the subject of a pending Assumption Dispute."

(Plan, § 8.1[a]). The Plan further provides that "entry of the Confirmation Order shall constitute approval of the assumptions or assumptions and assignments," and that the assumption of an unexpired leases of nonresidential real property "may include the assignment of certain of such contracts to Affiliates" (Plan, § 8.1[b]). Finally, the Plan provides that all cure amounts shall be paid "following assumption or assumption and assignment of the underlying executory contract or unexpired lease" (Plan, § 8.3).

8. The Landlord objects to any assumption and assignment of the Lease under the Plan as there is nothing in the Plan requiring sufficient (or any) notice of any proposed assumption and assignment of the Lease, or requiring the Debtors to provide adequate assurance of future performance with respect to any proposed assignee. The Landlord reserves any and all rights to object to any proposed assumption and assignment of the Lease.

### B. *The Proposed Cure Amount is Subject to Change.*

9. The Debtors have asserted a proposed cure amount of $0.00 (the "Proposed Cure Amount"). The Landlord objects to the Proposed Cure Amount, as it is subject to change through and including the effective date of assumption.

### C. *Any Assumption of the Lease Must Be Cum Onere with the Debtor or the Reorganized Debtor Assuming Liability for All Obligations for Accrued, But Unbilled or Not Due Rent and Charges and Indemnity Obligations.*

10. It is well settled that assumption of the Lease must be *cum onere*, accepting both its benefits and burdens. *See In re Fleming Cos.*, 499 F.3d 300, 308 (3d Cir. 2007) (quoting *In re Italian Cook Oil Corp.*, 190 F.2d 994, 997 (3d Cir. 1951)).

11. The Lease includes a continuing obligation to pay additional rent and charges, including, but not limited to, adjustments and reconciliations for the Tenant's proportionate share

of the real estate taxes and common area and building maintenance expenses, which have accrued, or will accrue under the Lease through any assumption of the Lease and are not yet billed or due. The Proposed Cure Amount does not include amounts that have accrued but have not been billed or have not come due under the Lease.

12. Additionally, the Proposed Cure Amount does not include contractual obligations to indemnify the Landlord for events occurring prior to any assumption of the Lease, including claims which may not become known until after the Lease is assumed.

13. The Tenant continues to be responsible to pay additional rent and charges which have accrued, or will accrue under the Lease through any assumption of the Lease and are not yet billed or due, and to indemnify the Landlord for all claims. Therefore, the Order confirming the Plan ("constitute[ing] approval of the assumption[]" of the Lease (Plan, § 8.1[b])) must expressly state that the Landlord's claims to such rent and charges and indemnity obligations under the Lease are not released, and that the Debtors or the Reorganized Debtor shall be liable to the Landlord for such obligations, regardless of when such obligations accrued.

### JOINDER AND RESERVATION OF RIGHTS

14. The Landlord reserves its right to supplement this Limited Objection and to make such other and further objections as it may deem necessary or appropriate, including, but not limited to, objections to the Plan and Disclosure Statement, and any Order confirming the Plan and approving the Disclosure Statement.

15. The Landlord joins in the objections filed by other landlords of the Debtors, to the extent not inconsistent with this Objection.

## CONCLUSION

**WHEREFORE**, the Landlord respectfully requests that the Court enter an Order consistent with this Objection, and grant the Landlord any additional and further relief the Court deems just and proper.

Dated: December 14, 2018  
Wilmington, Delaware

Respectfully submitted,  
**BALLARD SPAHR LLP**

By: /s/ *Leslie C. Heilman*  
Leslie C. Heilman, Esq. (No. 4716)  
919 North Market Street, 11th Floor  
Wilmington, Delaware 19801-3034  
Telephone: (302) 252-4465  
Facsimile: (302) 252-44466  
Email: heilmanl@ballardspahr.com

- And -

Kevin M. Newman, Esq  
**BARCLAY DAMON LLP**  
Barclay Damon Tower  
125 East Jefferson Street  
Syracuse, New York 13202-2020  
Telephone: (315) 413-7115  
Facsimile: (315) 703-7349  
Email: knewman@barclaydamon.com

*Attorneys for Cumberland Avenue Plaza, L.L.C.*