**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) |
| | ) |
| | )      Chapter 11 |
| DAVID'S BRIDAL INC., *et al*,.[1] | ) |
| | )      Case No. 18-12635 (LSS) |
| Debtors. | ) |
| | )      (Jointly Administered) |
| | ) |
| | )      **Related to Docket No. 12, 138** |
| | ) |

### CBL & ASSOCIATES MANAGEMENT, INC.'S LIMITED OBJECTION TO DEBTOR'S STATED CURE AMOUNTS

CBL & Associates Management, Inc. ("CBL"), by and through counsel and as managing agent to certain landlords (the "Landlords")[2], hereby files this Limited Objection (the "Objection") to Debtor's *Notice of Assumption of Executory Contracts and Unexpired Leases of Debtors and Related Procedures* (the "Cure Notice"), and states as follows:

1. On November 19, 2018 (the "Petition Date"), David's Bridal, Inc., and certain affiliates (collectively, the "Debtors") filed a Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code before the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

2. The Debtors have continued to operate their business and manage their properties as debtor's-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.[3]

---

[1] The last four digits of Mattress Firm Inc.'s federal tax identification number are 6008. The Debtors' mailing address is 10201 S. Main Street, Houston, Texas 77025. Due to the large number of Debtors in these chapter 11 cases, which are being jointly administered, a complete list of the Debtors and the last four digits of their federal tax identification may be obtained on the website of the Debtors' noticing and claims agent at http://dm.epiq11.com/MattressFirm or by contacting counsel for the Debtors or the undersigned counsel.

[2] CBL is managing agent to landlord counter-parties to ten (10) leases, including the landlords of the three (3) properties referenced below in Table 1.

[3] Unless otherwise specified, all statutory references to "Section" are to 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

3.      On the Petition Date, Debtors filed their *Joint Prepackaged Chapter 11 Plan of Reorganization under Chapter 11 of the Bankruptcy Code* [Docket No. 12].

4.      On the Petition Date, Debtors filed their Cure Notice [Docket No. 138].

5.      Debtors leased real property spaces (the "<u>CBL Premises</u>") from Landlords pursuant to ten (10) unexpired leases of nonresidential real property (the "<u>CBL Leases</u>").

6.      The CBL Leases are leases "of real property in a shopping center" as that term is used in Section 365(b)(3).  *See In re Joshua Slocum LTD*, 922 F.2d 1081 (3d. Cir. 1990).

7.      As of the date of this Objection, Debtors continue to operate in the CBL Premises.

8.      Debtors failed to include a list of cure for any CBL Leases in the Cure Notice on the Court's docket.  As of the date of this Objection, CBL has not received a Cure Notice for any CBL Lease.

9.      Counsel for CBL reached out directly to attorneys for Debtors (as listed on the Cure Notice signature block) and requested the cure amounts for the CBL Leases.  Debtors' counsel has indicated that Debtors assert a $0.00 cure for each of the CBL Leases.

10.     This Objection is based on the presumption that Debtors' cure amounts for the CBL Leases is $0.00.

## <u>CURE CLAIM OBJECTION</u>

11.     Section 365(b) provides in pertinent part as follows:

(b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—

> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default…;
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

2

> (C) provides adequate assurance of future performance under such
> contract or lease.

11 U.S.C. § 365(b)(1).

12.     Section 365(b)(1) includes compensation to landlords for sums incurred for attorneys' fees and expenses.  The CBL Lease provides for recovery of attorneys' fees and expenses.  CBL hereby objects to assumption of the CBL Leases listed in the Notice absent payment of CBL's attorneys' fees and expenses.

13.     As of the date of this Objection, CBL Objects to the cure amounts proposed for three (3) CBL Leases that may or may not be included in Debtors' Notice.  CBL herein reserves the right to file supplementary cure objections.

14.     The proposed cure amounts are either not yet stated or understated, as of the date of this Objection, as to the below three (3) locations as indicated in the below table:

**TABLE 1:**

| Property Name | Property Location | Debtor Proposed Cure Amounts | CBL Lease Cure Amounts[4] | Attorneys' Fees | Total Cure Amount |
|---|---|---|---|---|---|
| CoolSprings Crossing | Franklin, TN | $0.00 | $6,100.74 | $500.00 | $6,600.74 |
| Gunbarrel Pointe | Chattanooga, TN | $0.00 | $140.49 | $500.00 | $640.49 |
| Hammock Landing | West Melbourne, FL | $0.00 | $43.47 | $500.00 | $543.47 |

15.     CBL further objects to the assumption of the CBL Leases absent payment of all cure amounts owed thereunder from December 11, 2018 through the effective date of

---

[4] The cure amounts specified in this chart do not reflect any amounts that will become due or be invoiced on or after the date of this Objection, or attorneys' fees and costs, and CBL reserves all of its rights with respect thereto.  CBL further avers that additional amounts, not yet known, may be due with regard to calendar year 2017 and 2018, such as year-end adjustments to various items including, but not limited to, real estate taxes, common area maintenance, percentage rent and insurance.  CBL further reserves all rights with respect thereto.

assumption, including any amounts that will become due or be invoiced on or after December 11, 2018 (including, but not limited to, additional amounts, not yet known, that accrued following December 11, 2018 through the Effective Date of a CBL Lease assumption, such as year-end adjustments to various items including, but not limited to, real estate taxes, common area maintenance, percentage rent and insurance), as well as attorneys' fees and costs.

16.     True and correct Lease Summaries supporting the actual CBL Lease Cure Amounts contained in Table 1 are attached hereto and incorporated collectively as **Exhibit A.**

## JOINDER

17.     In addition to the foregoing, CBL further joins in the objections filed by Debtors' other landlords to the extent that such objections are not inconsistent with the relief requested in this Objection.

## RESERVATION OF RIGHTS

18.     CBL hereby reserves its rights to make such other and further objections as may be appropriate to all CBL leases, including, but not limited to, objections regarding adequate assurance of future performance under Section 365.

## CONCLUSION

19.     For the reasons set forth above, CBL respectfully requests that this Court (i) sustain this Objection; (ii) require that any order authorizing the assumption of the CBL Leases affirmatively require Debtors to pay all amounts accrued but not yet billed following October 30, 2018, including attorneys' fees and expenses; and (iii) grant CBL such further relief as it deems proper.

Date: December 14, 2018
Wilmington, DE

HOGAN♦McDANIEL

*/s/Garvan McDaniel*
Garvan F. McDaniel (DE Bar No. 4167)
1311 Delaware Avenue
Wilmington, Delaware 19806
Telephone: 302.656.7540
Facsimile: 302.656.7599
Email: gfmcdaniel@dkhogan.com

*ATTORNEY FOR CBL & ASSOCIATES*
*MANAGEMENT, INC*

## EXHIBIT A

*(see attached)*