# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 18-12635 (LSS) |
| **DAVID'S BRIDAL, INC.**, *et al*. | (Jointly Administered) |
| Debtors. | Related Docket Nos.: 12 & 138 |
| | Objection Deadline: December 14, 2018 |

## LIMITED OBJECTION OF WASHINGTON PRIME GROUP INC. TO THE NOTICE OF ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF DEBTORS AND RELATED PROCEDURES

Washington Prime Group Inc. ("WPG"), as the managing agent for the owners of the properties identified herein (the "WPG Landlords"), by its undersigned counsel, submits this limited objection (this "Objection") to the *Notice of Assumption of Executory Contracts and Unexpired Leases of Debtors and Related Procedures* (Docket No. 138) (the "Notice").[1] In support of this Objection, WPG respectfully states:

## BACKGROUND

1. On November 19, 2018 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (this "Court").

2. Upon information and belief, the Debtors are operating its business and managing

---

[1] Terms used but not otherwise defined herein shall have the meanings ascribed to them in the Notice or the Plan (as defined herein), as applicable.

its properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. The Debtors and the WPG Landlords are parties to certain unexpired leases (the "WPG Leases")[2] of nonresidential real property (the "Leased Premises"). Specifically, the Debtors are leasing the following retail space from the WPG Landlords:

| WPG Landlord | Shopping Center | Address |
| --- | --- | --- |
| Canyon View Marketplace, LLC | Canyon View Marketplace | 632 Market Street, Grand Junction, CO 81505 |
| Gateway Square, LLC | Gateway Shopping Center | 9607 Research Blvd., Austin, TX 78759 |
| University Park Mall CC, LLC | University Center | 6502 N. Grape Road, Mishawaka, IN 46545 |

4. All of the Leased Premises are located in a "shopping center" as that term is used in section 365(b)(3) of the Bankruptcy Code. *See, e.g.*, *In re Joshua Slocum Ltd.*, 922 F.2d 1081, 1086-87 (3d Cir. 1990).

5. On the Petition Date, the Debtors filed their Proposed *Joint Prepackaged Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* (Docket No. 12) (the "Plan"). Pursuant to the Plan, the Debtors propose to assume on the Effective Date, and subject to the payment of any Cure Amount, all executory contracts and unexpired leases except any executory contract or unexpired lease that (i) has been previously assumed, assumed and assigned, or rejected; (ii) is subject to a separate motion seeking to assume, assume and assign, or reject pursuant the Plan; or (iii) is subject to a pending Assumption Dispute.

6. On November 30, 2018, the Debtors filed the Notice. Pursuant to the Notice, any monetary default shall be satisfied by the Reorganized Debtors upon assumption in the ordinary course. The Notice requests counterparties contact Debtors' counsel to attempt to consensually

---

[2] The WPG Leases and related documentation are voluminous, and therefore, have not been attached to this Objection.

2

resolve any dispute related to the Notice prior to filing an objection. Objections to the assumption of any Assumed Contracts must be filed by December 14, 2018.

7. Pursuant to the Notice, the undersigned's office contacted Debtors' counsel on December 12, 2018 to discuss the assumption of the WPG Leases and the WPG Cure Amount (defined herein). As of the date of this Objection, the WPG Cure Amount remains outstanding and WPG's concerns related to the assumption of the WPG Leases, as addressed more fully herein, have not been resolved.

## LIMTED OBJECTION

8. WPG does not generally object to the assumption of the WPG Leases; however, any assumption of the WPG Leases must be conditioned on the Debtors' compliance with the requirements of section 365 of the Bankruptcy Code and the WPG Leases, including, but not limited to, paying all amounts due and owing under each of the WPG Leases through the effective date of the assumption of the WPG Leases.

9. As of the date of this Objection, the aggregate cure amount owing under the WPG Leases is $2,199.51 (the "WPG Cure Amount").[3] Attached hereto and incorporated herein as **Exhibit A** is an itemization of the amount due and owing.[4]

10. The WPG Cure Amount represents the known amounts, based on information available to WPG, currently due and owing to WPG under the WPG Leases, exclusive of any sums which have become due or have been paid, or are discovered after the date of this Objection. The WPG Cure Amount may increase prior to any actual date of assumption of the WPG Leases if the Debtors do not pay all amounts that accrue after the date of this Objection, and any taxes, common

---

[3] The WPG Cure Amount includes $500.00 in attorneys' fees, as noted below.

[4] The Debtors may contact Damian Hammond, Senior Director—Credit and Collections at WPG, at damian.hammond@washingtonprime.com and/or 614.887.5846 to resolve the cure dispute.

area maintenance and other amounts that may come due, pursuant to the terms of the WPG Leases and regardless of when those amounts accrued.

11. Accordingly, WPG expressly reserves its rights to amend or supplement this Objection and the WPG Cure Amount from time to time and at any time, and requests that the Debtors remain liable for, among other things: (a) pre- and post-petition rent and other charges that continue to accrue under the WPG Leases and that arise and become known to WPG prior to assumption of the WPG Leases; (b) certain amounts accruing under the WPG Leases which may be unbilled as of the date hereof, including but not limited to year-end adjustments for common area maintenance, taxes and similar charges; (c) any regular or periodic adjustment of charges under the WPG Leases which were not due or had not been determined as of the date of this Objection; (d) any percentage rent that may be due under the WPG Leases; (e) any non-monetary defaults; and/or (f) insurance, indemnification and other contractual obligations under the WPG Leases.

12. WPG notes that the WPG Leases impose certain indemnification and contribution obligations that arise out of litigation or other claims that may be asserted or threatened against WPG in connection with the WPG Leases. Each of these indemnification and contribution covenants and obligations must be assumed, paid, and otherwise cured by the Debtors if the WPG Leases are to be assumed by the Debtors pursuant to the Plan.

13. Moreover, there may also be unknown and/or unasserted claims (among various other types of claims and liabilities) against WPG that presently exist or may exist in the future, for which the Debtors may be obligated to indemnify and defend WPG. WPG reserves its rights under the WPG Leases and applicable law to assert against the Debtors or any other appropriate party, including the reorganized Debtors, any and all amounts that may be due and owing to it or their affiliated or related parties for the indemnification and contribution obligations under the WPG

Leases. All rights of WPG under the WPG Leases for setoff, recoupment, and subrogation (including defenses thereto) must survive assumption, notwithstanding any terms or conditions to the contrary.

14. WPG is also entitled to attorneys' fees as part of the WPG Cure Amount for the WPG Leases, as the WPG Leases specifically provide for the recovery of such fees. *In re Westview 74th Street Drug Corp.*, 59 B.R. 747, 757 (Bankr. S.D.N.Y. 1986) (payment of attorneys' fees required as condition to lease assumption). Thus, any attorneys' fees incurred by WPG in enforcing its rights under the WPG Leases must be paid as part of any assumption of the WPG Leases. *See id.*

15. Consistent with the foregoing, WPG respectfully requests that any order approving the assumption of the WPG Leases provide, among other things, that the Debtors promptly pay to WPG all amounts due and owing under the WPG Leases through the effective date of assumption of the WPG Leases (*i.e.*, the WPG Cure Amount), as the same may increase to reflect attorneys' fees and any other amounts that become due or are determined after the date of this Objection. In addition, WPG respectfully requests that the order specifically provide that the Debtors will be responsible for paying the following charges when they become due, regardless of whether these obligations and charges accrue prior to or after effective date of assumption of the WPG Leases:

   a) all accruing but unbilled charges under the WPG Leases, including but not limited to all unpaid year-end and other adjustments and reconciliations (such as adjustments for common area maintenance, taxes and similar charges);

   b) all regular or periodic adjustment of charges under the WPG Leases which were not due or had not been determined as of the date of this Objection;

   c) all percentage rent that may be due under the WPG Leases; and

   d) all insurance, indemnification and other contractual obligations under the WPG Leases, including but not limited to indemnification obligations relating to currently unknown and/or unasserted claims against WPG that presently exist or may exist in the future, for which the tenants under the WPG Leases may be obligated to indemnify and defend WPG.

Such provisions are supported by the statutory requirement that the Debtors cure all arrears and that the Debtors provide adequate assurance of future performance under the terms of the WPG Leases. *See* 11 U.S.C. § 365(b)(1).

16. Nothing in this Objection is intended to be, or should be construed as, a waiver by WPG of any of its rights under any of the WPG Leases, the Bankruptcy Code, or applicable law. WPG expressly reserves all such rights, including, without limitation, the right to: (a) supplement and/or amend this Objection and to assert any additional objections with respect to WPG Cure Amount; (b) amend the WPG Cure Amount; (c) assert any nonmonetary defaults under the WPG Leases; (d) assert any rights for indemnification or contribution against the Debtors arising under the WPG Leases; and (e) assert any further objections as it deems necessary or appropriate, including objections with respect to the Plan and objections with respect to adequate assurance of future performance.

**WHEREFORE**, WPG respectfully requests that this Court: (a) sustain this Objection; (b) affirmatively require the Debtors to pay all amounts owing to WPG under the WPG Leases through the effective date of any assumption of the WPG Leases plus attorneys' fees; (c) affirmatively require the Debtors to comply with each and every term, condition and obligation set forth in the WPG Leases; and (d) grant WPG such other and further relief as this Court deems just and appropriate under the circumstances.

Dated: December 14, 2018
Wilmington, Delaware

Respectfully submitted,

LAW OFFICE OF SUSAN E. KAUFMAN, LLC

*/s/ Susan E. Kaufman*
Susan E. Kaufman (DSB# 3381)
919 North Market Street, Suite 460
Wilmington, DE 19801
Telephone: (302) 472-7420
Facsimile: (302) 792-7420
skaufman@skaufmanlaw.com

-and-

Ronald E. Gold, Esq.
Ohio Bar No. 0061351
(Admitted *pro hac vice*)
FROST BROWN TODD LLC
3300 Great American Tower
301 East Fourth Street
Cincinnati, Ohio 45202
Telephone: (513) 651-6800
Facsimile: (513) 651-6981
rgold@fbtlaw.com

**COUNSEL FOR WASHINGTON PRIME GROUP INC.**