# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>DAVID'S BRIDAL, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-12635 (LSS)<br><br>Jointly Administered<br><br>Ref. Docket No. 138<br><br>Obj. Deadline: December 14, 2018 |

### LIMITED OBJECTION OF BROOKFIELD PROPERTIES RETAIL GROUP, HINES REAL ESTATE INVESTMENT TRUST, INC., PHILIPS INTERNATIONAL HOLDING CORP., AND SITE CENTERS CORP. TO THE NOTICE OF ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF DEBTORS AND RELATED PROCEDURES

Brookfield Properties Retail Group, Hines Real Estate Investment Trust, Inc., Philips International Holding Corp., and SITE Centers Corp. (collectively, the "Landlords"), hereby submit this limited objection (the "Limited Objection") to the Debtors' *Notice of Assumption of Executory Contracts and Unexpired Leases of Debtors and Related Procedures*[2] (the "Cure Notice"). In support of this Limited Objection, the Landlords respectfully state as follows:

## PRELIMINARY STATEMENT

1. The Landlords do not object to the Debtors' proposed assumption of the Leases (as defined below). However, in connection with the potential assumption or assumption and assignment of the Leases, the Debtors must be required to (i) pay the necessary cure amounts, plus any additional pecuniary losses suffered by the Landlords; and (ii) provide adequate assurance of prompt cure of all defaults and future performance, including Adjustment

---

[1] The Debtors in these cases are: David's Bridal, Inc.; DB Investors, Inc.; DB Holdco, Inc.; and DB Midco, Inc.

[2] Docket No. 138.

Amounts (as defined below) which have not yet been billed or have not yet become due under the terms of the Leases.

2. The Landlords are currently working with the Debtors, through counsel, to reconcile the cure amounts owed under the leases associated with properties on the attached Exhibit A (collectively, the *"*Leased Premises*"*). The Landlords are filing this objection as a reservation of rights in the event that consensual resolutions cannot be reached.

## BACKGROUND

3. The Landlords are the owners, affiliates, or owners' managing agents of properties located throughout the United States where the Debtors lease non-residential real estate pursuant to written leases (each, a "Lease," and, collectively, the "Leases") for the locations listed on the attached Exhibit A. The Leased Premises are located in shopping centers as that term is used in section 365(b)(3) of the Bankruptcy Code. *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081 (3d Cir. 1990).

4. On November 19, 2018 (the "Petition Date"), the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with this Court. Since the Petition Date, the Debtors have continued to manage their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5. Also on the Petition Date, the Debtors filed a *Proposed Joint Prepackaged Plan of Reorganization Under Chapter 11 of the Bankruptcy Code*[3] (the "Plan") as a part of their efforts to reorganize.

---

[3] Docket No. 12.

6. On November 30, 2018, in accordance with the Plan, the Debtors filed the Cure Notice, which instructs Landlords to assert their respective cure amounts against the Debtors.

**OBJECTION**

7. The Landlords assert that cure amounts are due by the Debtors in connection with the assumption of the Leases. To date, the cure amounts have yet to be finally reconciled with the Debtors. The Landlords reserve their right to amend the cure amounts to include additional fees and expenses which continue to accrue and any other obligations that arise and/or become known to the Landlords prior to assumption or assumption and assignment of the Leases. In the event that the Debtors seek to assume and *assign* any leases, as opposed to merely assuming them, sufficient notice and an opportunity to be heard must be provided to the Landlords, who must also be furnished with adequate assurance information of the proposed assignee.

8. Pursuant to the Leases, the Debtors are obligated to pay regular installments of fixed monthly rent, percentage rent, and/or gross rent, as well as a share of common area maintenance costs, real estate taxes, and insurance. Prior to assumption of the Leases, the Debtors are required by section 365(b)(1) of the Bankruptcy Code to cure all outstanding defaults under the Leases and compensate the Landlords for any actual pecuniary loss, including the payment of related attorneys' fees. *See* 11 U.S.C. §365(b)(1)(B). Attorneys' fees due under the Leases are compensable. *See LJC Corp. v. Boyle*, 768 F.2d 1489, 1494-96 (D.C. Cir. 1985); *In re Bullock*, 17 B.R. 438, 439 (B.A.P. 9th Cir. 1982); *In re Crown Books Corp.*, 269 B.R. 12, 14-15 (Bankr. D. Del. 2001); *In re BAB Enterprises, Inc.*, 100 B.R. 982, 984 (Bankr. W.D. Tenn. 1989); *In re Westview 74th St. Drug Corp.*, 59 B.R. 747, 757 (Bankr.

S.D.N.Y. 1986); *In re Ribs of Greenwich Vill., Inc.*, 57 B.R. 319, 322 (Bankr. S.D.N.Y. 1986). As part of the Landlords' pecuniary losses, they are entitled to attorneys' fees in connection with the Debtors' obligation to cure all monetary defaults under the Leases.

9. To the extent that rent, attorneys' fees, interest, and/or other charges continue to accrue, and/or the Landlords suffer other pecuniary losses with respect to the Leases, the Landlords hereby reserve the right to amend the Landlords' Cure Amounts to reflect such additional amounts or to account for year-end adjustments, including, without limitation, adjustments for 2016, 2017, and 2018 (the "Adjustment Amounts"), which have not yet been billed or have not yet become due under the terms of the Leases.

10. Section 365(b)(3)(C) of the Bankruptcy Code provides that the assumption or assumption and assignment of a shopping center lease "is subject to all the provisions thereof . . .". 11 U.S.C. § 365(b)(3)(C). Bankruptcy courts have described the assumption of an unexpired lease (a prerequisite to assignment under § 365(f)(2)(A)) as "an all-or-nothing proposition – either the whole contract [or lease] is assumed or the entire contract [or lease] is rejected." *See, e.g.*, *In re CellNet Data Systems, Inc.*, 327 F.3d 242, 249 (3d Cir. 2003).

11. As the court noted in *In re Washington Capital Aviation & Leasing*, 156 B.R. at 167, 175 n.3 (Bankr. E.D. Va. 1993):

> Adequate assurance of future performance by the assignee is important because 11 U.S.C. § 365(k) "relieves the ... estate from any liability for any breach of such ... lease occurring after such assignment." A party subject to a contractually created obligation ordinarily cannot divest itself of liability by substituting another in its place without the consent of the party owed the duty. *See* Douglas G. Baird and Thomas H. Jackson, Bankruptcy 285 (2d ed. 1990) (citing Restatement (Second) of Contracts § 318(3) (1981) ("delegation of performance ... does not discharge any duty or liability of the delegating obligor")). While the assignee may be entitled to perform for the original obligor, the original obligor remains ultimately liable until discharged by performance or

> otherwise. Section 365(k) changes this common law rule and relieves the estate from all liability under the lease following assignment.

*See also In re Rickel Home Centers, Inc.*, 209 F.3d 291, 299 (3d Cir. 2000) (Adequate assurance is "necessary to protect the rights of the non-debtor party to the contract or lease, because assignment relieves the trustee and the estate from liability arising from a post-assignment breach."). The Debtors are not entitled to the benefits and protections of section 365(k) if it does not assume and assign a lease *cum onere* – with all benefits and burdens. *See, e.g., American Flint Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76 (3d Cir. 1999).

12. Accordingly, as adequate assurance of future performance under the Leases, the Debtors or any proposed assignee must be responsible to satisfy the Adjustment Amounts, if any, when due in accordance with the terms of the Leases, regardless of whether such Adjustment Amounts were incurred before or after assumption and assignment of the Leases.

13. The Debtors must also be required to comply with all contractual obligations to indemnify and hold the Landlords harmless with regard to events which occurred before assumption or assumption and assignment but which were not known to the Landlords as of the date of the assumption or assumption and assignment. This includes, but is not limited to, (i) claims for personal injury that occurred at the Leased Premises, (ii) damage and destruction to the Leased Premises or property by the Debtors or their agents, and (iii) environmental damage or clean-up. To cure possible pre-assumption or assignment, non-monetary defaults and provide adequate assurance of future performance with respect to the indemnification obligations under the Leases, either (a) the Debtors, in the case of an assumption, or the proposed assignee, in the case of an assignment, must be required to assume all responsibility for any and all such claims,

notwithstanding anything to the contrary contained in a plan or any court order, or (b) the Debtors, in the case of an assignment, must be required to demonstrate or obtain adequate insurance (by purchase of "tail" coverage or otherwise) in order to satisfy potential indemnification obligations based on events or occurrences that occurred prior to the effective date of an assignment. Such claims for indemnity could include claims for personal injury occurring at the Leased Premises where the Landlords are joined as a party to a lawsuit or for damage and destruction of property by the Debtors or their agents or employees.

## RESERVATION OF RIGHTS

14. The Landlords reserve the right to amend and/or supplement this Limited Objection, including, without limitation, to add or supplement objections to the Debtors' potential proposed cure amounts and to raise any additional objections to the potential assumption or assumption and assignment of the Leases.

## JOINDER IN OBJECTIONS OF SIMILARLY SITUATED PARTIES

15. To the extent not inconsistent with this Limited Objection, the Landlords join in the objections of other landlords and contract counterparties to the Debtors' proposed assumption of leases.

# CONCLUSION

**WHEREFORE**, the Landlords request that the Court enter an order: (i) conditioning the assumption or assumption and assignment of the Leases on the Debtors and/or any proposed assignee promptly paying the cure amounts; (ii) requiring the Debtors or any proposed assignee to continue to comply with all obligations under the Leases, including payment of the Adjustment Amounts and satisfaction of any indemnification obligations in the regular course of business; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: December 14, 2018
Wilmington, Delaware

LAW OFFICE OF SUSAN E. KAUFMAN, LLC

By: */s/ Susan E. Kaufman*
Susan E. Kaufman, (DSB# 3381)
919 North Market Street, Suite 460
Wilmington, DE 19801
Telephone: (302) 472-7420
Fax: (302) 792-7420
Email: skaufman@skaufmanlaw.com

- and -

KELLEY DRYE & WARREN LLP
Robert L. LeHane, Esq.
Scott L. Fleischer, Esq.
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
Facsimile: (212) 808-7897

*Counsel for Brookfield Properties Retail Group,
Hines Real Estate Investment Trust, Inc.,
Philips International Holding Corp., and
SITE Centers Corp.*