IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
                                                                 :

In re:                                                   :          Chapter 11

DAVID'S BRIDAL, INC., *et al.*,[1]     :          Case No. 18-12635 (LSS)

                  Debtors.              :          (Jointly Administered)

------------------------------------------------------------ x

**MOTION FOR LEAVE TO FILE LATE REPLY OF EVERCORE GROUP L.L.C.
IN SUPPORT OF DEBTORS' APPLICATION FOR ENTRY OF AN ORDER
AUTHORIZING THE DEBTORS TO EMPLOY AND RETAIN EVERCORE
GROUP L.L.C. AS INVESTMENT BANKER EFFECTIVE *NUNC PRO TUNC*
TO THE PETITION DATE**

Evercore Group L.L.C. ("Evercore"), by and through its undersigned counsel, DLA Piper LLP (US), hereby submits this motion (the "Motion") seeking entry of an order, substantially in the form attached to this Motion as Exhibit A (the "Proposed Order"), granting Evercore Group L.L.C ( "Evercore") leave to file a late reply (the "Reply"), attached here as Exhibit B, in support of the *Debtors' Application for Entry of an Order Authorizing the Debtors to Employ and Retain Evercore Group L.L.C. as Investment Banker Effective nunc pro tunc to the Petition Date* [D.I. 128] (the "Application")[2] and in response to the *Limited Objection by Various Creditors to Debtors' Application to Retain Evercore Group L.L.C. as Investment Banker* [D.I. 181] (the "Objection") filed by Oaktree Capital Management, L.P., acting solely in its capacity as investment advisor on behalf of certain funds and accounts in its Strategic Credit, High Yield and U.S. Senior

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: David's Bridal, Inc. (4563); DB Investors, Inc. (8503); DB Holdco, Inc. (4567); and DB Midco, Inc. (3096). The location of the Debtors' corporate headquarters is 1001 Washington Street, Conshohocken, Pennsylvania 19428.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

1

Loans strategies; Courage Capital Management, LLC, acting solely in its capacity as investment manager to certain investment funds; AlbaCore Capital LLP, acting in its capacity as delegated investment manager to AlbaCore Capital Limited as AIFM to certain funds and investment entities; and Deutsche Bank AG Cayman Islands Branch (solely with respect to the Distressed Products Group) (collectively, the "Objecting Lenders"). In support of this Motion, Evercore respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over these chapter 11 cases under sections 157 and 1334 of title 28 of the United States Code and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.

2. This Motion is a core proceeding under section 157(b)(2) of title 28 of the United States Code.

3. Venue for these cases is proper in this Court under sections 1408 and 1409 of title 28 of the United States Code.

4. The basis for the relief requested in this Motion is Rule 9006-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## RELEVANT BACKGROUND

5. On November 29, 2018, David's Bridal, Inc. and its affiliated debtors (the "Debtors") filed the Application for authority to retain Evercore as their investment banker in these chapter 11 cases. As discussed further in the Reply, Evercore's retention is vital to the Debtors' restructuring efforts—efforts that the Objecting Lenders, as party to the Restructuring Support

2

Agreement, are contractually obligated to support. Inexplicably, the Objecting Lenders took sudden and belated issue with Evercore's fee structure when the Debtors filed the Application.

6. In an effort to sustain negotiations with the Objecting Lenders, the Debtors and Evercore agreed to extend the deadline to file an objection to the Application solely for the Objecting Lenders to December 14, 2018 at 11:00 a.m. (EST) (the "Objection Deadline Extension"). Unfortunately, the parties were unable to agree on a resolution to the Objecting Lenders' issues and the Objecting Lenders filed their Objection by the Objection Deadline Extension. The Objecting Lenders also filed the *Declaration of Martin Lewis in Support of Limited Objection by Various Creditors to Debtors' Application to Retain Evercore Group L.L.C. as Investment Banker* (the "Lewis Declaration") in support of the Objection on December 15, 2018.

7. A hearing (the "Hearing") on the Application is scheduled to take place on December 18, 2018, at 2:00 p.m. (EST). Except for with respect to the Objecting Lenders, Objections to entry of the order approving the relief requested in the Application were due by 4:00 p.m. (EST) on December 11, 2018 (the "Objection Deadline"). Pursuant to Local Rule 9006-1(d), a reply to any such objection was due at 4:00 p.m. on December 13, 2018. Having received the Objection on October 14, 2018, Evercore was unable to submit a reply by the deadline set forth in Local Rule 9006-1(d).

## RELIEF REQUESTED

8. By this Motion, Evercore respectfully requests entry of an order granting leave to file the Reply on December 17, 2018, prior to the hearing on the Application.

## BASIS FOR RELIEF REQUESTED

9. The Hearing is scheduled for December 18, 2018. Local Rule 9029-3(a) set forth the deadline to file an agenda for the Hearing, December 14 , 2018, at 12:00 p.m. (EST), and the

EAST\163314484.1

deadline to file a reply to any objections that may have been received, December 13, 2018, at 4:00 p.m. (EST) (the "Reply Deadline"). The prescribed Reply Deadline was prior to the Objection Deadline Extension.

10. The Debtors provided, and Evercore agreed to, the Objection Deadline Extension to the Objecting Lenders in an effort to facilitate productive discussions between the parties with the goal of resolving a potential objection to the Application.

11. Evercore, subject to Federal Rule of Evidence 408, has been cooperative. Not only did Evercore agree to voluntarily extend the Objecting Lenders' objection deadline, they also readily providing all requested and helpful information to the Objecting Lenders regarding its fees in a good faith attempt to address the Objecting Lenders' concerns.

12. With the parties unable to agree upon a resolution before the Objection Deadline Extension, the Objecting Lenders filed the Objection and the Lewis Declaration after the Reply Deadline. Accordingly, Evercore respectfully submits that cause exists to allow Evercore to file the Reply after the Reply Deadline. By delaying drafting and filing the Reply prior to the Objection, Evercore was able to engage in discussions with the Objecting Lenders and were better positioned to respond fully to the Reply.

13. Additionally, Evercore submits that no party in interest will be prejudiced if they are permitted to file the Reply. Evercore believes that the Objecting Lenders and the Court would benefit from the written reply to the Objection in advance of the Hearing.

## **NOTICE**

14. Notice of this Motion has been provided to (i) the Debtors, (ii) the Office of the United States Trustee for the District of Delaware, (iii) counsel to the Objecting Lenders, and (iv)

all parties that have requested notice in these chapter 11 cases under Bankruptcy Rule 2002. Evercore submits that, in light of the relief requested, no other or further notice need be given.

## CONCLUSION

WHEREFORE, Evercore respectfully requests entry of an order substantially in the form attached to this Motion as Exhibit A, granting leave to file a reply and granting such other and further relief as is just and proper.

Dated: December 17, 2018
Wilmington, Delaware

**DLA PIPER LLP (US)**

*/s/ Maris J. Kandestin*
Maris J. Kandestin (DE Bar No. 5294)
1201 North Market Street, Suite 2100
Wilmington, Delaware 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
Email: maris.kandestin@dlapiper.com

Richard A. Chesley (*pro hac vice* admission pending)
444 West Lake Street, Suite 900
Chicago, Illinois 60606
Telephone: (312) 368-4000
Facsimile: (312) 236-7516
Email: richard.chesley@dlapiper.com

Jamila Justine Willis(*pro hac vice* admission pending)
1251 Avenue of the Americas, 27th Floor
Telephone: (212) 335-4500
Facsimile: (212) 335-4501
Email: jamila.willis@dlapiper.com

*Counsel to Evercore Group L.L.C.*