# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>DAVID'S BRIDAL, INC., *et al.,*<br><br>Debtors. | Chapter 11<br><br>Case No. 18-12635 (RDD)<br><br>(Jointly Administered)<br><br>Objection Deadline: December 14, 2018<br><br>Related Docket Nos.: 12 & 138 |

## LIMITED OBJECTION, JOINDER AND RESERVATION OF RIGHTS OF LEVIN MANAGEMENT CORPORATION TO THE NOTICE OF ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF DEBTORS AND RELATED PROCEDURES

Levin Management Corporation ("Landlord"), by and through their counsel, Stark & Stark, P.C., hereby file the following limited objection, joinder and reservation of rights (the "Objection") to the above-captioned debtors' (the "Debtors") Notice of Assumption of Executory Contracts and Unexpired Leases of Debtors and Related Procedures (the "Notice")[Document No. 138], in support of the Objection Landlord respectfully state as follows:

## BACKGROUND

1. On or about November 19, 2018 (the "Petition Date"), the Debtors filed voluntary petitions under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") with this Court.

2. Upon information and belief, Debtors operate their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. Landlord, as agent or directly as landlord, is a party to an unexpired lease (the "Lease") of nonresidential real property (the "Premises") with one of the Debtors within a shopping center (the "Shopping Centers"). The Premises is part of a "shopping center" as that

1

term is referred to in Bankruptcy Code §365(b)(3). See In re Joshua Slocum, Ltd., 922 F.2d. 1081 (3d Cir. 1990). As such, Landlord is entitled to the protections of that section for the Premises within the Shopping Center.[1]

4. On or about November 30, 2018, Debtors filed the Notice which provides that any default will be satisfied by the Reorganized Debtors upon assumption in the ordinary course. Counterparties are directed to communicated with Debtors' counsel to attempt to consensually resolve any dispute regarding the Notice prior to filing an objection.

5. At this juncture Landlord's cure amount has not been reconciled, accordingly there has not yet been any communications with counsel regarding same.

6. Rents for the Premises has not been paid. Landlord reserves its right to assert additional amounts, including rent, reconciliation charges, damages, attorneys' fees and costs.

## OBJECTIONS

**All Existing Defaults Must Be Cured**

7. Under Section 365(b)(1) of the Bankruptcy Code, the Lease may only be assumed upon (1) cure of all existing defaults (11 U.S.C. § 365(b)(1)(A)), (2) compensating the Landlord for pecuniary losses resulting from such default (11 U.S.C. § 365(b)(1)(B)), and (3) providing adequate assurance of future performance under the Lease (11 U.S.C. § 365(b)(1)(C)).

8. To the extent Debtor seek to assume and assign Landlord's lease, all defaults must be cured, including attorneys' fees and costs which are pecuniary damages which must be cured as a result of the Debtors' defaults under the Leases. *See Urban Retail Props. v. Loews Cineplex Entm't Corp.*, 2002 U.S. Dist. LEXIS 6186, at *25-28 (S.D.N.Y. Apr. 8, 2002).

9. The assumption of any lease must be *cum onere*, accepting both the benefits and burdens

---

[1] Due to the voluminous nature of the lease, Landlord reserves the right to provide a copy of the leases upon request.

of the leases. *See In re Fleming Cos.*, 499 F.3d 300, 308 (3d Cir. 2007) (quoting *In re Italian Cook Oil Corp.*, 190 F.2d 994, 997 (3d Cir. 1951). Therefore, Debtors satisfy all obligations under the Lease, including rent and charges accruing or coming due under the Lease, including additional rent and charges which have not yet been billed, reconciled, or adjusted, and indemnification and/or contribution obligations under the lease.

10. In sum any assumption of the Landlord's Lease must require that the proposed assignee is liable for all obligations to pay accrued, but unbilled or not due rent and charges and indemnity obligations and that adequate assurance of future performance under the lease be provided.

## JOINDER IN OBJECTIONS RAISED BY OTHER LANDLORDS AND RESERVATION OF RIGHTS

11. To the extent consistent with the objections expressed herein, Landlord also joins in the objections of other shopping center landlords to the Motion. Further, Landlord reserves all rights to make further and or future objections. Landlord also reserves its right to amend its cure amounts; assert any rights for indemnification or contribution against the Debtor under the lease; and/or to be provided with adequate assurance of future performance under the lease by the Debtors/

**WHEREFORE**, Landlord respectfully requests that an order be entered consistent with the foregoing objection.

**John R. Weaver Jr., PA**

By:/ s/  John R. Weaver, Jr.,
    John R. Weaver, Jr., Esq.
831 N. Tatnall Street, Suite 200
Wilmington, DE  19801
(302) 655-7371
jrweaverlaw@verizon.net

3

4853-0945-3955, v. 1

|  |  |
|---|---|
| Dated: December 17, 2018 | **STARK & STARK**<br>**A Professional Corporation**<br><br>By: /s / *Thomas S. Onder*<br>       Thomas S. Onder<br>       Joseph H. Lemkin<br><br>993 Lenox Drive<br>Lawrenceville, NJ 08648<br>(609) 219-7458 (direct)<br>(609) 896-9060 (main)<br>(609) 895-7395 (facsimile)<br>Attorneys for Levin Management Corporation |