# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| DAVID'S BRIDAL, INC., *et al.*,[1] | Case No. 18-12635 (LSS) |
| Debtors. | Jointly Administered |
| | **RE: Docket Nos. 4, 88 &166** |

**FINAL ORDER (A) PROHIBITING UTILITIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICE, (B) DEEMING UTILITIES ADEQUATELY ASSURED OF FUTURE PERFORMANCE, (C) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT, (D) AUTHORIZING THE PAYMENT OF PREPETITION ADMINISTRATIVE FEES RELATING TO UTILITY SERVICES, AND (E) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the Debtors for a final order (this "**Final Order**") pursuant to sections 105(a) and 366 of the Bankruptcy Code, (a) determining that the Utility Companies have been provided with adequate assurance of payment within the meaning of section 366 of the Bankruptcy Code, (b) approving the Debtors' proposed Adequate Assurance and Adequate Assurance Procedures, (c) prohibiting the Utility Companies from altering, refusing or discontinuing services or discriminating against the Debtors or requiring additional adequate assurance of payment other than the proposed Adequate Assurance, in each case, on account of unpaid charges for prepetition services, the filing of these chapter 11 cases or any objections to the adequacy of the proposed Adequate Assurance, (d) determining that the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: David's Bridal, Inc. (4563); DB Investors, Inc. (8503); DB Holdco, Inc. (4567); and DB Midco, Inc. (3096). The location of the Debtors' corporate headquarters is 1001 Washington Street, Conshohocken, Pennsylvania 19428.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

Debtors are not required to provide any additional adequate assurance beyond what is proposed by the Motion, (e) granting related relief, and (f) resolving objections, if any, of the Utility Companies to the Motion, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and adequate notice of the Motion and opportunity for objection having been given under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and that such relief is in the best interests of the Debtors, their estates, their creditors and all parties in interest and is necessary to avoid immediate and irreparable harm to the Debtors and their estates; and any objections to the Motion having been withdrawn or overruled on the merits; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Motion is granted as set forth herein.

2. The Debtors are authorized, but not directed, to pay on a timely basis and in accordance with their prepetition practices all undisputed invoices for postpetition Utility Services provided by the Utility Companies to the Debtors.

3. The proposed Adequate Assurance is hereby approved and the Debtors are deemed to have furnished the Utility Companies (who fail to make an Additional Assurance

Request in accordance with the Adequate Assurance Procedures) with adequate assurance of payment under section 366 of the Bankruptcy Code for postpetition Utility Services by making the Adequate Assurance Deposit within 20 days after the Petition Date.

4. The Adequate Assurance Deposit shall be returned without further Court order to the Debtors upon the effective date of a plan of reorganization for the Debtors or upon the closing of these chapter 11 cases; <u>provided</u> there are no outstanding disputes related to postpetition payments owing to any Utility Company.

5. The Debtors shall have the right to reduce the amount of the Adequate Assurance Deposit to the extent that it includes an amount on account of a Utility Company that the Debtors subsequently determine should be removed from the Utility Service List or to the extent that an Additional Assurance Request is properly served by any Utility Company and any settlement results in such Utility Company's removal from the Utility Service List or in the payment of alternate assurance to the Utility Company, provided that the Debtors shall not reduce the Adequate Assurance Deposit to the extent there are disputes as to payment of postpetition charges with respect to a Utility Company that is removed from the Utility Service List.

6. The proposed Adequate Assurance is hereby approved on a final basis and is deemed adequate assurance of payment as such term is used in section 366 of the Bankruptcy Code.

7. The following additional requirements and procedures (the "**Adequate Assurance Procedures**") with respect to the submission of an Additional Assurance Request are approved in all respects. Absent compliance with the following Adequate Assurance Procedures, the Utility Companies should be forbidden to alter, refuse or discontinue service, or discriminate

against the Debtors or require additional adequate assurance of payment other than the proposed Adequate Assurance, in each case, on account of unpaid charges for prepetition services, the filing of these chapter 11 cases or any objections to the adequacy of the proposed Adequate Assurance:

    a. If a Utility Company is not satisfied with the assurance of future payment provided by the Debtors, the Utility Company must serve a written request setting forth the location(s) at which the given Utilities are provided, the account number(s) for such location(s), and the outstanding balance for each account (each, an "**Additional Assurance Request**").

    b. The Additional Assurance Request must be served upon (i) the Debtors, David's Bridal, Inc., 1001 Washington Street, Conshohocken, PA 19428, Attn: Gary Walker; (ii) proposed counsel to the Debtors, Debevoise & Plimpton LLP, 919 Third Avenue, New York, NY 10022, Attn: David Deutsch (ddeutsch@debevoise.com); (iii) proposed co-counsel to the debtors, Young Conaway Stargatt & Taylor LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Tara C. Pakrouh (tpakrouh@ycst.com) ; (iv) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Timothy J. Fox, Esq. (timothy.fox@usdoj.gov); (v) counsel to the Prepetition ABL Agent and the DIP ABL Agent, Morgan, Lewis & Bockius LLP, One Federal St., Boston, MA 02110-1726, Attn: Julia Frost-Davies, Esq. (julia.frost-davies@morganlewis.com) and Christopher L. Carter, Esq. (christopher.carter@morganlewis.com); (vi) counsel to the ad hoc term lender group, Jones Day, 250 Vesey Street, New York, NY 10281, Attn: Scott J. Greenberg, Esq. (sgreenberg@jonesday.com) and Michael J. Cohen, Esq. (mcohen@jonesday.com); (vii) counsel to Oaktree Capital Management, L.P., Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019, Attn: Alan Kornberg (akornberg@paulweiss.com) and John T. Weber (jweber@paulweiss.com); (viii) counsel to Solace Capital Partners, L.P., (a) Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, NY 10004, Attn: Brad Eric Scheler, Esq. (brad.scheler@friedfrank.com) and Peter B. Siroka, Esq. (peter.siroka@friedfrank.com) and (b) Morris, Nichols, Arsht & Tunnell LLP, 1201 N Market St. #1800, Wilmington, DE 19801, Attn: Derek C. Abbott, Esq. (dabbott@mnat.com) and (ix) counsel to any statutory committee appointed in these chapter 11 cases (collectively, the "**Notice Parties**").

      c.      Without further order of the Court, the Debtors may enter into agreements granting additional adequate assurance to a Utility Company serving an Additional Assurance Request if the Debtors, after consultation with the DIP Agents, determine that the Additional Assurance Request is reasonable or negotiate alternative consensual provisions with such Utility Company.

      d.      If the Debtors believe that an Additional Assurance Request is unreasonable, the Debtors shall promptly file a motion pursuant to section 366(c) of the Bankruptcy Code (a "**Determination Motion**"), which shall seek a determination from the Court that the Adequate Assurance Deposit, plus any additional consideration offered by the Debtors, constitutes adequate assurance of payment. Pending notice and a hearing of the Determination Motion, the relevant Utility Company may not alter, refuse or discontinue services to the Debtors or recover or set off against a prepetition deposit.

8. The Debtors are authorized, but not directed, to satisfy prepetition amounts owed to the Payment Processors in an amount not to exceed $15,000 in the aggregate absent further order of the Court, and to continue to utilize the Payment Processors in connection with administering the Utility Services in accordance with their past practices.

9. To the extent the Debtors subsequently identify additional providers of utilities, the Debtors may, in their discretion, amend the Utility Service List to add or remove any Utility Company. The Debtors shall serve a copy of this Motion, along with the applicable portion of the amended Utility Service List and the Orders (as applicable), to those Utility Companies that are subsequently added to the Utility Service List. Any subsequently added Utility Company that objects to the proposed Adequate Assurance shall be subject to the Adequate Assurance Procedures.

10. Nothing herein or in the Utility Service List constitutes a finding that any entity is or is not a Utility Company hereunder or under section 366 of the Bankruptcy Code, whether or

not such entity is listed on the Utility Service List and shall not prejudice the rights and defenses of any party in interest with respect thereto.

11. Nothing in the Motion or this Final Order, or the Debtors' payment of any claims pursuant to this Final Order, shall be deemed or construed as: (a) an admission as to the validity of, or a promise to pay with respect to, any claim or lien against the Debtors or their estates, (b) a waiver of the Debtors' right to dispute any claim or lien, (c) an approval or assumption of any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (d) an admission of the priority status of any claim, whether under section 503(b)(9) of the Bankruptcy Code or otherwise, or (e) a modification of the Debtors' rights to seek relief under any section of the Bankruptcy Code on account of any amounts owed or paid to any Utility Company.

12. Nothing in the Motion or this Final Order shall be deemed to vacate or modify any other restrictions on the termination of service by a Utility Company provided under section 362 or 366 of the Bankruptcy Code or other applicable law.

13. Nothing in this Final Order or the Motion shall be deemed to constitute the postpetition assumption or adoption of any agreement pursuant to section 365 of the Bankruptcy Code.

14. The Debtors shall serve a copy of this Final Order via first-class mail on each Utility Company listed on the Utility Service List within three business days of the date on which this Final Order is entered and shall promptly serve the Motion, the Interim Order and this Final Order on each Utility Company subsequently added to the Utility Service List by the Debtors.

15. The Debtors are authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Final Order.

16. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be immediately effective and enforceable upon entry of this Final Order.

17. The requirements of Bankruptcy Rule 6004(a) are waived.

18. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Final Order.

**Dated: December 17th, 2018**
**Wilmington, Delaware**

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**