# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| DAVID'S BRIDAL, INC., *et al.*,[1] | Case No. 18-12635 (LSS) |
| Debtors. | Jointly Administered |
| | **RE: Docket Nos. 7 and 91** |

## SUPPLEMENTAL ORDER (A) AUTHORIZING THE DEBTORS TO PAY AND HONOR CERTAIN PREPETITION WAGES, BENEFITS AND OTHER OBLIGATIONS, (B) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS CHECKS AND TRANSFERS RELATED TO SUCH OBLIGATIONS, AND (C) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**")[2] of the Debtors for an order (a) authorizing the Debtors to pay and honor certain prepetition wages, benefits and other obligations, (b) authorizing financial institutions to honor and process checks and transfers related to such obligations and (c) granting related relief, all as more fully described in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*; and consideration of the Motion and the relief requested being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and adequate notice of the Motion and opportunity for objection having been given under the circumstances; and this Court having determined that the relief sought in the Motion is in the best interests of the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: David's Bridal, Inc. (4563); DB Investors, Inc. (8503); DB Holdco, Inc. (4567); and DB Midco, Inc. (3096). The location of the Debtors' corporate headquarters is 1001 Washington Street, Conshohocken, Pennsylvania 19428.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

01:23954525.2

Debtors, their estates, their creditors and all parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Motion is granted as set forth herein.

2. The Debtors are authorized, but not directed, to honor and pay, in the ordinary course of business, in accordance with the Debtors' prepetition policies and practices and in the Debtors' sole discretion, prepetition amounts outstanding on account of the Severance Obligations; *provided*, *however*, notwithstanding anything to the contrary contained herein, that, except as provided by further order of this Court, no payment on account of prepetition Severance Obligations shall exceed $12,850, in the aggregate, per individual.

3. The Debtors are authorized, but not directed, in their discretion, to maintain, and continue to honor their Severance Practice and pay all Severance Obligations for all non-insider Employees on a postpetition basis in the ordinary course of business.

4. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor and pay, to the extent of funds on deposit, all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order.

5. The Debtors are authorized to issue postpetition checks or to effect postpetition fund transfer requests in replacement of any checks or fund transfer requests related to the

Severance Obligations dishonored or rejected as a consequence of the commencement of these chapter 11 cases.

6. Nothing in the Motion or this Order shall be construed as impairing the Debtors' right to contest the validity or amount of any Severance Obligations.

7. Nothing in the Motion or this Order shall be deemed to (i) authorize the payment of any amounts that are subject to section 503(c) of the Bankruptcy Code, including, for the avoidance of doubt, payment of any bonus or severance obligations to or on behalf of any "insider" (as defined by section 101(31) of the Bankruptcy Code) or (ii) violate or permit a violation of section 503(c) of the Bankruptcy Code.

8. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Order or any payment made pursuant to this Order shall constitute, nor is it intended to constitute, (a) an admission as to the validity or priority of any claim or lien against the Debtors, (b) a waiver of the Debtors' or any party in interest's rights to subsequently dispute and/or contest such claim or lien, (c) the assumption or adoption of any agreement or contract under section 365 of the Bankruptcy Code, or (d) a grant of third-party beneficiary status or bestowal of any additional rights on any third party.

9. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order.

10. The requirements of Bankruptcy Rule 6004(a) are waived.

11. The Debtors are authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order.

12. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

**Dated: December 17th, 2018**
**Wilmington, Delaware**

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**