# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> DAVID'S BRIDAL, INC., *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 18-12635 (LSS) <br><br> Jointly Administered <br><br> **RE: Docket Nos. 9 and 93** |

**FINAL ORDER (A) AUTHORIZING THE DEBTORS TO (I) CONTINUE USING THEIR EXISTING CASH MANAGEMENT SYSTEM, INCLUDING BANK ACCOUNTS, AND HONOR RELATED PREPETITION FEES AND EXPENSES, AND (II) MAINTAIN THEIR EXISTING CHECK STOCK, (B) AUTHORIZING CONTINUED INTERCOMPANY TRANSACTIONS AND GRANTING POSTPETITION INTERCOMPANY CLAIMS ADMINISTRATIVE PRIORITY STATUS AND (C) GRANTING AN INTERIM WAIVER OF THE INVESTMENT AND DEPOSIT REQUIREMENTS OF SECTION 345(B) OF THE BANKRUPTCY CODE**

Upon the motion (the "**Motion**")[2] of the Debtors, pursuant to sections 105(a), 363(c)(1), 345(b), 364(b), 503(b) and 507(a)(2) of the Bankruptcy Code, for entry of a final order (this "**Final Order**") (a) authorizing the Debtors to (i) continue to use their existing Cash Management System, including Bank Accounts, and honor related prepetition fees and expenses, and (ii) maintain their existing check stock, (b) authorizing continued Intercompany Transactions in accordance with the ordinary course of business and historical practices and granting postpetition intercompany claims administrative expense status and (c) granting an interim waiver of the investment and deposit requirements of section 345(b) of the Bankruptcy Code, as

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: David's Bridal, Inc. (4563); DB Investors, Inc. (8503); DB Holdco, Inc. (4567); and DB Midco, Inc. (3096). The location of the Debtors' corporate headquarters is 1001 Washington Street, Conshohocken, Pennsylvania 19428.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

more fully set forth in the Motion; and upon consideration of the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and adequate notice of the Motion and opportunity for objection having been given under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and that such relief is in the best interests of the Debtors, their estates, their creditors and all parties in interest and is necessary to avoid immediate and irreparable harm to the Debtors and their estates; and any objections to the Motion having been withdrawn or overruled on the merits; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Motion is granted on a final basis as set forth herein.

2. The Debtors are authorized and empowered, pursuant to sections 105(a) and 363(c)(1) of the Bankruptcy Code, to continue using the Cash Management System maintained by the Debtors before the commencement of these chapter 11 cases and to receive and disburse cash in accordance with the ordinary course of business and historical practices of the Cash Management System.

3. The Debtors are authorized to (a) designate, maintain and continue to use any or all of their existing Bank Accounts, a listing of which is attached hereto as **Exhibit 1**, in the names and with the account numbers existing immediately prior to the commencement of these

01:23905368.3

2

chapter 11 cases, (b) deposit funds into and withdraw funds from such accounts by all usual means, including checks, wire transfers, ACH transfers, electronic fund transfers and other debits and (c) treat their prepetition Bank Accounts for all purposes as debtor in possession accounts; *provided*, *however*, that nothing contained herein shall authorize the Banks to honor or pay any check issued or dated prior to the Petition Date except as otherwise provided by order of this Court; and *provided*, *further*, that the Banks may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors should be honored or dishonored pursuant to an order of this Court, and notwithstanding any provision of this Final Order to the contrary, the Banks shall not have any liability to any party for relying upon such representations by the Debtors.

4. Notwithstanding any provision of this Final Order to the contrary, no Bank that honors a prepetition check or other item drawn on any account that is the subject of this Final Order (a) at the direction of the Debtors, (b) in good faith that this Court has authorized such prepetition check or item to be honored, or (c) as the result of an innocent mistake made despite implementation of reasonable item handling procedures, shall be deemed to be liable to the Debtors or their estates on account of such prepetition check or other item being honored postpetition or otherwise in violation of this Final Order.

5. The Debtors shall maintain accurate and detailed records of all transfers, including Intercompany Transactions, so that all transactions may be readily ascertained, traced, recorded properly and distinguished between prepetition and postpetition transactions.

6. Nothing contained herein shall prevent the Debtors from opening any additional bank accounts, or closing any existing Bank Account, as they may deem necessary and

appropriate; *provided, however,* that the Debtors shall give (a) the U.S. Trustee, (b) counsel to the proposed debtor-in-possession lenders, (c) each of the counsel to the creditors who are party to the Restructuring Support Agreement, and (e) counsel to any statutory committee that may be appointed in these chapter 11 cases notice, in each case within 14 days of each such opened or closed account; and *provided, further*, that the (x) the opening, closing, or use of any such bank account is not prohibited or restricted by the terms of the debtor-in-possession financing facilities, and (y) Debtors shall open any such new bank accounts at banks that have executed a Uniform Depository Agreement with the U.S. Trustee, or at such banks that are willing to immediately execute such an agreement.

7. Subject to the notice provision in paragraph 6 hereof, for all purposes in this Final Order, any and all accounts opened by the Debtors on or after the Petition Date at Bank of America shall be deemed a Bank Account (as if it had been opened prior to the Petition Date and listed on Exhibit 1 attached hereto).

8. Those certain existing deposit agreements between the Debtors and the Banks shall continue to govern the postpetition cash management relationship between the Debtors and the Banks, and all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect. Consistent with this Final Order, either the Debtors or the Banks may, without further order of this Court, implement changes to the Cash Management System in the ordinary course of business pursuant to the terms of those existing deposit agreements.

9. All Banks at which the Bank Accounts are maintained are authorized to continue to maintain, service, and administer the Bank Accounts as accounts of the Debtors as debtor in

possession, without interruption and in the ordinary course, and to receive, process, honor, and pay, to the extent of available funds, any and all checks, drafts, wires, and ACH transfers issued and drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be.

10. The Banks are authorized to debit the Bank Accounts in the ordinary course of business without need for further order of this Court for: (a) all checks, items, and other payment orders drawn on the Bank Accounts that are cashed at its counters or exchanged for cashier's checks by the payees thereof prior to the Banks' receipt of notice of filing of these chapter 11 cases; (b) all checks, automated clearing house entries, and other items deposited or credited to the Bank Accounts prior to filing of these chapter 11 cases that have been dishonored, reversed, or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtors were responsible for such items prior to filing of these chapter 11 cases; and (c) all undisputed prepetition and postpetition amounts owed to the Banks as customary fees or service charges (the "**Bank Fees**") for the maintenance of the Bank Accounts and the Cash Management System.

11. The Bank Fees (other than prepetition Bank Fees) shall be accorded administrative expense priority pursuant to section 503(b) of the Bankruptcy Code.

12. The Debtors are authorized to (a) pay the Bank Fees and (b) reimburse the Banks for any claims arising, or chargebacks of deposits made, before or after the Petition Date in connection with customer checks or other deposits into the Bank Accounts that have been dishonored or returned for any reason, together with any fees and costs in connection therewith,

to the same extent that the Debtors were responsible prior to the Petition Date; and (c) maintain the ability to use debit and offset.

13. The Debtors are authorized to use their existing check stock without alteration and without the designation "debtor in possession" imprinted upon them *provided*, *that,* upon depletion of the Debtors' check stock, the Debtors will obtain new check stock reflecting their status as debtors in possession and, *provided*, *further*, *that*, as soon as reasonably practicable, the Debtors will update their electronically produced checks to reflect their status as debtors in possession.

14. The Debtors' time to comply with section 345(b) of the Bankruptcy Code is hereby further extended for a period of 30 days from the date of this Final Order (the "**Extension Period**"); *provided*, *however*, that such extension is without prejudice to the Debtors' right to request a further extension of the Extension Period or permanent waiver of the requirements of section 345(b) of the Bankruptcy Code.

15. During the pendency of these chapter 11 cases, the Debtors shall not deposit any funds into the Investment Accounts.

16. The Debtors are authorized, but not required, to continue entering into, and performing under, the Intercompany Transactions, including making cash settlement payments of Intercompany Accounts, *provided*, *that*, for the avoidance of doubt, the Debtors shall not be authorized by this Final Order to (a) directly or indirectly, make any distribution on account of an equity interest in the Debtors held by such non-debtor affiliate or its beneficial owner, (b) directly or indirectly, undertake any other Intercompany Transaction that is not materially consistent with the Debtors' operation of the business in the ordinary course prior to the Petition

01:23905368.3

Date, (c) pay prepetition Intercompany Accounts owing to Fillberg, except to the extent the Court separately authorizes such payment, and (d) make Intercompany Loans. The Debtors shall (a) continue to track Intercompany Transactions and Intercompany Accounts electronically through their accounting system in accordance with their prepetition practices and (b) provide access to such records and procedures to (i) counsel to the proposed debtor-in-possession lenders, (ii) each of the counsel to the creditors who are party to the Restructuring Support Agreement, (iii) counsel to any statutory committee that may be appointed in these chapter 11 cases, and (iv) upon request, to the U.S. Trustee.

17. Pursuant to section 364(b) of the Bankruptcy Code, any Intercompany Account owed by a Debtor to another Debtor arising after the Petition Date shall be accorded administrative expense priority status of the kind specified in sections 503(b) and 507(a) of the Bankruptcy Code junior, in all respects, to (a) the superpriority administrative expense claims granted to the Debtors' postpetition secured lenders and (b) the adequate protection superpriority administrative expense claims granted to the Debtors' prepetition secured lenders.

18. Within five business days of the entry of this Final Order, the Debtors shall serve a copy of this Final Order on the Banks.

19. For Banks at which the Debtors hold Bank Accounts that are party to a Uniform Depository Agreement with the Office of the United States Trustee for the District of Delaware, within 15 days of the date of entry of this Final Order the Debtors shall (a) contact each Bank, (b) provide the Bank with each of the Debtors' employer identification numbers and (c) identify each of their Bank Accounts held at such Banks as being held by a debtor in possession in a bankruptcy case.

20. For banks in the United States at which the Debtors hold accounts that are not party to a Uniform Depository Agreement with the Office of the United States Trustee for the District of Delaware, the Debtors shall use their good-faith efforts to cause the banks to execute a Uniform Depository Agreement in a form prescribed by the Office of the United States Trustee within 30 days of the date of this Final Order. The U.S. Trustee's rights to seek further relief from this Court on notice in the event that the aforementioned banks are unwilling to execute a Uniform Depository Agreement in a form prescribed by the U.S. Trustee are fully reserved.

21. With respect to the Debtors' PayPal account and five Deposit Accounts held at Trustmark National Bank, Bank Champaign, Blue Hills Bank, Central Pacific Bank and Lake Regions Bank (collectively, the "**Non-UDA Accounts**"), the account balance at each such Non-UDA Account (other than the Non-UDA Account held at Lake Regions Bank) shall not exceed $15,000 at any given time and any funds held in a Non-UDA Account shall be transferred, on a daily basis, to a Bank Account held at a Bank that has executed a Uniform Depository Agreement with the Office of the United States Trustee for the District of Delaware; *provided*, the Debtors shall provide the copies of the bank statements for the Non-UDA Accounts to the U.S. Trustee simultaneously with the filing of the Debtors' monthly operating reports.

22. Nothing in the Motion or this Final Order, or the Debtors' payment of any claims pursuant to this Final Order, shall be deemed or construed as: (a) an admission as to the validity of, or a promise to pay with respect to, any claim or lien against the Debtors or their estates, (b) a waiver of the Debtors' right to dispute any claim or lien, (c) an approval or assumption of any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (d) an admission of the priority status of any claim, whether under section 503(b)(9) of the Bankruptcy Code or

01:23905368.3

otherwise, or (e) a modification of the Debtors' rights to seek relief under any section of the Bankruptcy Code on account of any amounts owed or paid pursuant to this Final Order.

23. Notwithstanding anything to the contrary contained herein, any payment to be made, and any authorization contained, hereunder shall be subject to any order approving the Debtors' use of cash collateral and/or any postpetition financing facilities (the "**DIP Order**"), the documentation in respect of any such postpetition financing facilities and/or the use of cash collateral, and any budget in connection with any such postpetition financing facilities and/or use of cash collateral. To the extent there is any inconsistency between the terms of the DIP Order and any action taken or proposed to be taken hereunder, the terms of the DIP Order shall control.

24. The relief provided in this Final Order shall not alter the Debtors' obligation to calculate quarterly fees pursuant to 28 U.S.C. § 1930(a)(6) based on the disbursements of each Debtor.

25. All intercompany transfers made by a Debtor to a Foreign Affiliate will be included in the Debtors' monthly operating reports. Notwithstanding the foregoing, the U.S. Trustee's rights are reserved with respect to the calculation of quarterly fees under 28 U.S.C. § 1930(a)(6).

26. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be immediately effective and enforceable upon entry of this Final Order.

27. The requirements of Bankruptcy Rule 6004(a) are waived.

28. The Debtors are authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Final Order.

01:23905368.3

29. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Final Order.

*[Signature]*

**Dated: December 17th, 2018**
**Wilmington, Delaware**

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**

01:23905368.3