# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| DAVID'S BRIDAL, INC., *et al.*,[1] | Case No. 18-12635 (LSS) |
| Debtors. | Jointly Administered |
| | **RE: Docket Nos. 10 & 94** |

## FINAL ORDER (A) AUTHORIZING THE DEBTORS TO PAY ALL PREPETITION TRADE AND OTHER UNIMPAIRED CLAIMS IN THE ORDINARY COURSE OF BUSINESS, (B) CONFIRMING ADMINISTRATIVE EXPENSE PRIORITY OF UNDISPUTED AND OUTSTANDING PREPETITION ORDERS AND (C) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS CHECKS AND TRANSFERS RELATED TO SUCH OBLIGATIONS

Upon the motion (the "**Motion**")[2] of the Debtors, pursuant to sections 105(a), 362(d), 363(b), and 503(b)(9) of title 11 of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, for entry of a final order (the "**Final Order**") (a) authorizing, but not directing, the Debtors to pay the prepetition Ordinary Course Claims in full in the ordinary course of business, (b) confirming the administrative expense priority status of Prepetition Orders and (c) authorizing financial institutions to honor all related checks and electronic payment requests all as more fully set forth in the Motion, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: David's Bridal, Inc. (4563); DB Investors, Inc. (8503); DB Holdco, Inc. (4567); and DB Midco, Inc. (3096). The location of the Debtors' corporate headquarters is 1001 Washington Street, Conshohocken, Pennsylvania 19428.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and adequate notice of the Motion and opportunity for objection having been given under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and that such relief is in the best interests of the Debtors, their estates, their creditors and all parties in interest and is necessary to avoid immediate and irreparable harm to the Debtors and their estates; and any objections to the Motion having been withdrawn or overruled on the merits; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Motion is granted on a final basis to the extent set forth herein.

2. The Debtors are authorized, but not directed, pursuant to sections 105(a), 362(d), 363(b), and 503(b)(9) of the Bankruptcy Code, in the reasonable exercise of their business judgment, to pay, in the ordinary course of business, prepetition Ordinary Course Claims in full, provided that such payments are subject to the following:

    a. If an Ordinary Course Creditor accepts payment under this Final Order, such Ordinary Course Creditor is deemed to have agreed to continue to provide goods and/or services to the Debtors, on terms that are as good as or better than the terms and conditions (including credit terms) that existed 180 days prior to the Petition Date (prior to any unilateral acceleration), or on other terms satisfactory to the Debtors in the reasonable exercise of their business judgment (the "**Customary Trade Terms**"), during the pendency of and after these chapter 11 cases;

    b. In the event that the relationship between an Ordinary Course Creditor accepting payment under this Final Order and the Debtors does not extend to 180 days before the Petition Date, the Customary Trade Terms shall mean the terms that the Ordinary Course Creditor generally extends to its customers or such terms as are acceptable to the Debtors in the reasonable exercise of their business judgment;

c.  If an Ordinary Course Creditor, after receiving a payment on account of its Ordinary Course Claim, ceases to provide Customary Trade Terms or otherwise fails to perform under a contract with a Debtor, the Debtors reserve their rights to and may seek approval of this Court on notice on notice to the Ordinary Course Creditor to (a) deem such payment to apply to postpetition amounts payable to such Ordinary Course Creditor, if applicable, or (b) take any and all appropriate steps to cause such Ordinary Course Creditor to repay payments made to it on account of its prepetition Ordinary Course Claims to the extent that such payments exceed the postpetition amounts then owing to such Ordinary Course Creditor; and

d.  Prior to making a payment to an Ordinary Course Creditor under this Final Order, the Debtors may, in their absolute discretion, settle all or some of the prepetition claims of such Ordinary Course Creditor for less than their face amount without further notice or hearing.

3. All undisputed obligations related to the Prepetition Orders are granted administrative expense priority status in accordance with section 503(b)(1)(A) of the Bankruptcy Code.

4. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Final Order or any payment made pursuant to this Final Order shall constitute, nor is it intended to constitute, (a) an admission as to the validity or priority of any claim or lien against the Debtors, (b) a waiver of the Debtors' or any party in interest's rights to subsequently dispute and/or contest such claim or lien, (c) the assumption or adoption of any agreement, contract, or lease under section 365 of the Bankruptcy Code, or (d) a grant of third-party beneficiary status or bestowal of any additional rights on any third party.

5. The requirements set forth in Bankruptcy Rule 6003(b) have been satisfied.

6. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be immediately effective and enforceable upon entry of this Final Order.

7. The requirements of Bankruptcy Rule 6004(a) are waived.

8. The Debtors are authorized to take all actions necessary to implement the relief granted in this Final Order.

9. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Final Order.

**Dated: December 17th, 2018**
**Wilmington, Delaware**

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**