# EXHIBIT 1

## OCP Procedures

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| DAVID'S BRIDAL, INC., *et al.*,[1] | Case No. 18-12635 (LSS) |
| Debtors. | Jointly Administered |

**RETENTION AND COMPENSATION
PROCEDURES FOR ORDINARY COURSE PROFESSIONALS**

The following procedures (the "**OCP Procedures**") shall govern the retention of professionals retained by the above-captioned debtors (collectively, the "**Debtors**") in the ordinary course of business (each, an "**Ordinary Course Professional**," and collectively, the "**Ordinary Course Professionals**"):[2]

    a.    Each Ordinary Course Professional shall file with the Court and serve a declaration of disinterestedness (each, a "**Declaration of Disinterestedness**") substantially in the form attached as **Exhibit 2** to the order approving these OCP Procedures upon the parties listed below (collectively, the "**Notice Parties**"):

        (i)    the Debtors, c/o David's Bridal, Inc., 1001 Washington Street, Conshohocken, PA 19428, Attn: Lori Cochran Kinkade, Esq.;

        (ii)    the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**"), 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Timothy Fox Esq. (Timothy.Fox@usdoj.gov);

        (iii)    proposed counsel to the Debtors, (i) Debevoise & Plimpton LLP, 919 Third Avenue, New York, NY 10022, Attn: Daniel Pyon, Esq. (dpyon@debevoise.com) and (ii) Young Conaway Stargatt & Taylor LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Edmon Morton, Esq. (emorton@ycst.com);

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: David's Bridal, Inc. (4563); DB Investors, Inc. (8503); DB Holdco, Inc. (4567); and DB Midco, Inc. (3096). The location of the Debtors' corporate headquarters is 1001 Washington Street, Conshohocken, Pennsylvania 19428.

[2] Except as authorized by the Court, the OCP Procedures shall not apply to professionals retained by the Debtors pursuant to separate orders of the Court.

(iv) counsel to the agent for the proposed debtor-in-possession lenders, (i) Morgan, Lewis & Bockius LLP, 101 Park Avenue, New York, NY 10178, Attn: Glenn Siegel, Esq. (glenn.siegel@morganlewis.com) and (ii) Morgan, Lewis & Bockius LLP, One Federal Street, Boston, MA 02110, Attn: Matthew Furlong, Esq. (matthew.furlong@morganlewis.com);

(v) counsel to the ad hoc term lender group, Jones Day, 250 Vesey Street, New York, NY 10281, Attn: Scott J. Greenberg, Esq. (sgreenberg@jonesday.com) and Michael J. Cohen, Esq. (mcohen@jonesday.com);

(vi) counsel to Oaktree Capital Management, L.P., Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019, Attn: Alan Kornberg, Esq. (akornberg@paulweiss.com) and John T. Weber, Esq. (jweber@paulweiss.com);

(vii) counsel to the Supporting Sponsors, Cole Schotz P.C., 500 Delaware Avenue, Suite 1410, Wilmington, DE 19801, Attn: Norman L. Pernick, Esq. (npernick@coleschotz.com) and Kate Stickles, Esq. (kstickles@coleschotz.com); and

(viii) counsel to Solace Capital Partners, L.P., (i) Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, NY 10004, Attn: Brad Eric Scheler, Esq. (brad.scheler@friedfrank.com) and Peter B. Siroka, Esq. (peter.siroka@friedfrank.com) and (ii) Morris, Nichols, Arsht & Tunnell LLP, 1201 N Market St. #1800, Wilmington, DE 19801, Attn: Derek C. Abbott, Esq. (dabbott@mnat.com).

b. The Notice Parties shall have 14 days after the filing and service of a Declaration of Disinterestedness to object to the retention of the Ordinary Course Professional filing such declaration (the "**Objection Deadline**"). Any objecting party shall serve its objection upon the Notice Parties and the relevant Ordinary Course Professional on or before the Objection Deadline. If an objection cannot be resolved within 14 days after the Objection Deadline, then the retention of the Ordinary Course Professional that is the subject of the objection shall be scheduled for hearing by the Debtors at the next regularly scheduled omnibus hearing date that is no less than 14 days from that date or on a date otherwise agreed to by the parties. The Debtors shall not be authorized to retain and pay such Ordinary Course Professional until all outstanding objections have been withdrawn, resolved or overruled by order of the Court.

c. If no objection is received from any of the Notice Parties by the Objection Deadline with respect to an Ordinary Course Professional, the Debtors shall be

authorized to retain and pay that Ordinary Course Professional in accordance with these OCP Procedures without further order of the Court.

d. The Debtors shall be authorized to pay, without formal application to the Court by any Ordinary Course Professional, 100% of the fees and disbursements to each of the Ordinary Course Professionals retained pursuant to these procedures (including the filing of a Declaration of Disinterestedness) upon the Ordinary Course Professional's submission to the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and expenses incurred after the Petition Date; *provided*, *however*, that while these chapter 11 cases are pending, the fees of each Ordinary Course Professional set forth on **Exhibit B-1** attached to the Motion that are payable by the Debtors, excluding costs and disbursements, may not exceed $50,000 per month on average over a rolling three-month period (the "**Tier 1 OCP Cap**"), and that the fees of each Ordinary Course Professional set forth on **Exhibit B-2** attached to the Motion that are payable by the Debtors, excluding costs and disbursements, may not exceed $75,000 per month on average over a rolling three-month period (the "**Tier 2 OCP Cap**" and, together with the Tier 1 OCP Cap, the "**OCP Caps**").

e. Any fees and expenses payable to an Ordinary Course Professional in excess of the applicable OCP Cap shall be subject to prior approval of the Court in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of the Court authorizing the payment of professionals retained in these chapter 11 cases.

f. At three-month intervals (each, a "**Quarter**") during the pendency of these chapter 11 cases after the first three full months after the Petition Date through the date of entry of an order confirming a plan of reorganization, the Debtors shall file with the Court and serve on the Notice Parties, no later than 30 days after the end of such Quarter, or no later than 30 days after the date of entry of an order confirming a plan of reorganization if such date is before the end of the Quarter, a statement that shall include the following information for each Ordinary Course Professional: (i) the name of the Ordinary Course Professional; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that Ordinary Course Professional during the reported Quarter; (iii) all postpetition payments made to that Ordinary Course Professional to date; and (iv) a general description of the services rendered by that Ordinary Course Professional. The initial "Quarter" for which a report is required shall cover the period from the Petition Date through and including March 31, 2019.

g. The Debtors may retain additional Ordinary Course Professionals from time to time during these chapter 11 cases by (i) including each additional Ordinary Course Professional on a supplement to **Exhibit B** attached to the Motion that shall be filed with the Court and served on the Notice Parties, with such parties receiving 14 days to object to such amendment, and (ii) having such additional Ordinary Course Professional otherwise comply with the OCP Procedures.

3