# **EXHIBIT 2**

**Form Declaration of Disinterestedness**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| DAVID'S BRIDAL, INC., *et al.*,[1] | Case No. 18-12635 (LSS) |
| Debtors. | Jointly Administered |

**DECLARATION OF DISINTERESTEDNESS OF [_____]
IN SUPPORT OF RETENTION AS ORDINARY COURSE PROFESSIONAL**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct:

1. I am a _____ of _____, located at _____ (the "**Firm**").

2. The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") have requested that the Firm provide [service description] services to the Debtors, and the Firm has consented to provide such services.

3. The Firm may have performed services in the past, may currently perform services and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases. The Firm does not perform services for any such person in connection with these chapter 11 cases, or have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates, except as follows: [PROFESSIONAL TO INSERT DISCLOSURE OF ANY NON-MATERIAL POTENTIALLY ADVERSE INTEREST TO THE DEBTORS.]

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: David's Bridal, Inc. (4563); DB Investors, Inc. (8503); DB Holdco, Inc. (4567); and DB Midco, Inc. (3096). The location of the Debtors' corporate headquarters is 1001 Washington Street, Conshohocken, Pennsylvania 19428.

4. [As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be retained by the Debtors, claimants and parties in interest in these chapter 11 cases.]

5. Neither I nor any principal, partner, director or officer of, or professional retained by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Firm.

6. Neither I nor any principal, partner, director or officer of, or professional retained by, the Firm, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which this Firm is to be retained.

7. The Debtors owe the Firm $[_____] for prepetition services, the payment of which is subject to limitations contained in the Bankruptcy Code.

8. As of the Petition Date, the Firm [was/was not] party to an agreement for indemnification with one or more of the Debtors. [**If there is an indemnification agreement**: Such agreement for indemnification (the "**OCP Agreement**") is attached hereto as Exhibit A and is subject to the following modification, applicable during the pendency of the Debtors' chapter 11 cases:

    (a) The Firm shall not be entitled to indemnification, contribution, or reimbursement for services provided under the OCP Agreement other than those described in such OCP Agreement, unless such services and indemnification therefor are approved by the Bankruptcy Court.

    (b) Notwithstanding anything to the contrary in the OCP Agreement, the Debtors shall have no obligation to indemnify the Firm, or provide contribution or reimbursement to the Firm, for any claim or expense related to such OCP Agreement that is either: (i) judicially determined (the determination having become final) to have arisen from the Firm's gross negligence or willful misconduct; (ii) for a contractual dispute in which the Debtors allege the breach of the Firm's contractual obligations under the OCP Agreement unless the Court determines that indemnification,

2

contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing to be a claim or expense for which the Firm should not receive indemnity, contribution or reimbursement under the terms of the OCP Agreement as modified by this Order.

(c) If, before the earlier of (i) entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, the Firm believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the OCP Agreement (as defined by this Order), including without limitation the advancement of defense costs, the Firm must file an application therefor in this Court, and the Debtors may not pay any such amounts to the Firm before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by the Firm for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify the Firm. All parties in interest in these chapter 11 cases shall retain the right to object to any demand by the Firm for indemnification, contribution or reimbursement.]

*[Remainder of page intentionally left blank]*

9. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its retention, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

Executed on  
Date: _____

Name:  
Title:

4