# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **DAVID'S BRIDAL, INC.**, *et al*. | **Case No. 18-12635 (LSS)** |
| | **(Jointly Administered)** |
| **Debtors.** | **Related Docket Nos.: 12 & 138** |
| | **Objection Deadline: December 21, 2018**<br>**Hearing Date: January 4, 2019 at 1:30 p.m.** |

## JOINDER OF WASHINGTON PRIME GROUP INC. TO THE LIMITED OBJECTION OF CERTAIN LANDLORDS TO THE DEBTORS' PROPOSED JOINT PREPACKAGED PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

Washington Prime Group Inc. ("WPG"), as the managing agent for the owners of the properties identified herein (the "WPG Landlords"), by its undersigned counsel, hereby joins (this "Joinder") in the *Limited Objection to the Debtors' Joint Prepackaged Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* (Docket No. 164) (the "Limited Objection").[1] In support of this Joinder, WPG respectfully states:

## BACKGROUND

1. On November 19, 2018 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (this "Court").

2. Upon information and belief, the Debtors are operating its business and managing

---

[1] Terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan (as defined herein), as applicable.

its properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. The Debtors and the WPG Landlords are parties to certain unexpired leases (the "WPG Leases")[2] of nonresidential real property (the "Leased Premises"). Specifically, the Debtors are leasing the following retail space from the WPG Landlords:

| WPG Landlord | Shopping Center | Address |
| --- | --- | --- |
| Canyon View Marketplace, LLC | Canyon View Marketplace | 632 Market Street, Grand Junction, CO 81505 |
| Gateway Square, LLC | Gateway Shopping Center | 9607 Research Blvd., Austin, TX 78759 |
| University Park Mall CC, LLC | University Center | 6502 N. Grape Road, Mishawaka, IN 46545 |

4. All of the Leased Premises are located in a "shopping center" as that term is used in section 365(b)(3) of the Bankruptcy Code. *See, e.g.*, *In re Joshua Slocum Ltd.*, 922 F.2d 1081, 1086-87 (3rd Cir. 1990).

5. On the Petition Date, the Debtors filed their Proposed *Joint Prepackaged Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* (Docket No. 12) (the "Plan"). Pursuant to the Plan, the Debtors propose to assume on the Effective Date, and subject to the payment of any Cure Amount, all executory contracts and unexpired leases except any executory contract or unexpired lease that (i) has been previously assumed, assumed and assigned, or rejected; (ii) is subject to a separate motion seeking to assume, assume and assign, or reject pursuant the Plan; or (iii) is subject to a pending Assumption Dispute.

6. On December 11, 2018, certain landlords filed the Limited Objection asserting, among other things, that the Plan cannot provide for post-confirmation assumption or rejection of the unexpired leases or provide for a discharge or release of claims under the assumed leases.

7. Counsel for WPG and the Debtors have been in discussions on a consensual

---

[2] The WPG Leases and related documentation are voluminous, and therefore, have not been attached to this Joinder.

resolution to the issues raised in this Joinder and hope to resolve prior to the confirmation hearing.

## JOINDER AND RESERVATION OF RIGHTS

8. WPG hereby joins in, and incorporates herein by reference, the Limited Objection, and adopts the arguments in the Limited Objection as its own. WPG reserves any and all rights to supplement and/or amend this Joinder and expressly reserves the right to raise any additional objections with respect to the Plan, or any additional amendments thereto.

9. The Plan cannot override the parties' contractually bargained for rights under the WPG Leases. The Debtors' proposed treatment under the Plan disregards the long-standing principle that executory contracts are assumed *cum onere*, subject to all its benefits and burdens. *In re Nat'l Gypsum Co.*, 208 F.3d 498, 506 (5th Cir. 2000). In assuming the WPG Leases, the Debtors must assume all the terms and conditions of the WPG Leases, and cannot as part of the Plan process decide to unilaterally rewrite the WPG Leases or pick and choose the terms of the WPG Leases with which they will comply. *See In re Madera*, 445 B.R. 509, 517 (Bankr. D.S.C. Mar. 1, 2011) (citations omitted) (In assuming an executory contract, a "debtor must generally assume the entire contract."); *In re Fifth Taste Concepts Las Olas, LLC*, 325 B.R. 42, 47 (Bankr. S.D. Fla. 2005) (A debtor "must assume the contract warts and all."); *In re The Texstone Venture, Ltd.,* 54 B.R. 54, 56 (Bankr. S.D. Tex. 1985) ("It is axiomatic that an assumed contract . . . is accompanied by all of its provisions and conditions.").

10. In connection with the assumption of the WPG Leases, WPG's rights under the WPG Leases must survive confirmation of the Plan. Here, the Plan as proposed fails to take in account, among other things, that there may be (i) unknown and/or unasserted claims (among various other types of claims and liabilities) against WPG that presently exist or may exist in the

future or (ii) accrued but unbilled charges, adjustments or reconciliations for which the Debtors may be liable or obligated to indemnify and defend WPG.

11. All rights of WPG under the WPG Leases (including defenses thereto) must be preserved under the Plan. As such, any order confirming the Plan should specify that WPG's setoff, recoupment, and subrogation rights are preserved, and that the Debtors and Reorganized Debtors remain liable to WPG for (i) any accrued but unbilled charges under the WPG Leases including but not limited to year-end adjustments for common area maintenance, taxes and similar charges; (ii) any regular or periodic adjustment or reconciliation charges that come due under the WPG Leases in respect to common area maintenance, insurance, and other charges and expenses; (iii) any percentage rent that may be due under the WPG Leases; (iv) any non-monetary defaults; and/or (v) any insurance, indemnification and other contractual obligations under each WPG Lease regardless of when they accrued.

**WHEREFORE**, for the reasons set forth in the Limited Objection, WPG respectfully requests that this Court enter an order: (a) sustaining this Joinder; and (b) granting WPG such other and further relief as this Court deems just and appropriate under the circumstances.

[*Signature page follows*]

Dated: December 21, 2018
Wilmington, Delaware

Respectfully submitted,

LAW OFFICE OF SUSAN E. KAUFMAN, LLC

*/s/ Susan E. Kaufman*
Susan E. Kaufman (DSB# 3381)
919 North Market Street, Suite 460
Wilmington, DE 19801
Telephone: (302) 472-7420
Facsimile: (302) 792-7420
skaufman@skaufmanlaw.com

-and-

Ronald E. Gold, Esq.
Ohio Bar No. 0061351
(Admitted *pro hac vice*)
FROST BROWN TODD LLC
3300 Great American Tower
301 East Fourth Street
Cincinnati, Ohio 45202
Telephone: (513) 651-6800
Facsimile: (513) 651-6981
rgold@fbtlaw.com

**COUNSEL FOR WASHINGTON PRIME GROUP INC.**