# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>DAVID'S BRIDAL, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-12635 (LSS)<br><br>Jointly Administered<br><br>**Ref. Docket No. 12**<br><br>**Obj. Deadline: December 21, 2018 at 5:00 p.m. (ET)**<br>**Hearing Date: January 4, 2019 at 1:30 p.m.** |

**LIMITED OBJECTION OF BROOKFIELD PROPERTIES RETAIL GROUP, HINES REAL ESTATE INVESTMENT TRUST, INC., PHILIPS INTERNATIONAL HOLDING CORP., AND SITE CENTERS CORP. TO THE PROPOSED JOINT PREPACKAGED PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

Brookfield Properties Retail Group, Hines Real Estate Investment Trust, Inc., Philips International Holding Corp., and SITE Centers Corp. (collectively, the "Landlords"), hereby submit this limited objection (the "Limited Objection") to the Debtors' *Proposed Joint Prepackaged Plan of Reorganization Under Chapter 11 of the Bankruptcy Code*[2] (the "Plan"). In support of this Limited Objection, the Landlords respectfully state as follows:

## PRELIMINARY STATEMENT

1. The Landlords generally do not object to the confirmation of the Debtors' Plan. However, in accordance with the Debtors' stated intention to assume all of their unexpired non-residential real property leases, the Plan must provide certain safeguards for the Landlords and their respective interests in the Leases.

---

[1] The Debtors in these cases are: David's Bridal, Inc.; DB Investors, Inc.; DB Holdco, Inc.; and DB Midco, Inc.

[2] Docket No. 12. Capitalized terms used, but not defined, herein shall have the meanings ascribed to them in the Plan.

2. The Landlords are currently working with the Debtors, through counsel, to reach a consensual resolution regarding the objections set forth herein and believe that a resolution will be reached. The Landlords are filing this objection out of an abundance of caution in the event that a consensual resolution is not reached.

**BACKGROUND**

3. The Landlords are the owners, affiliates, or owners' managing agents of properties located throughout the United States where the Debtors lease non-residential real property pursuant to written leases (each, a "Lease," and, collectively, the "Leases") for the locations listed on the attached Exhibit A (the "Leased Premises"). The Leased Premises are located in shopping centers as that term is used in section 365(b)(3) of the Bankruptcy Code. *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081 (3d Cir. 1990).

4. On November 19, 2018 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with this Court. Since the Petition Date, the Debtors have continued to manage their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5. Also on the Petition Date, the Debtors filed the Plan as a part of their efforts to reorganize.

6. The Plan provides that all unexpired non-residential real property leases shall be assumed by the Debtors. *See* Plan § 8.1; *see also Debtors' Motion for Entry of an Order Extending Time to Assume to Reject Unexpired Leases of Nonresidential Real Property* [Doc. No. 141] ¶¶ 9-10.

# OBJECTIONS

1. **Debtors and Disbursing Agent Should Be Obligated to Confer with Counsel and/or the Managing Agent of Landlords in Reconciling Cure Amounts**

   7. Section 6.2 of the Plan provides, in relevant part:

   [W]ith respect to payment of any Cure Amounts or disputes over any Cure Amounts, neither the Debtors nor the Disbursing Agent shall have any obligation to recognize or deal with any party other than the non-Debtor party to the applicable … unexpired lease as of the Effective Date, even if such non-Debtor party has sold, assigned, or otherwise transferred its Claim for a Cure Amount.

   8. This provision notably lacks any requirement that the Debtors or Disbursing Agent "recognize or deal with" counsel and/or any managing agent of the Landlords in reconciling or disputing any Cure Amounts.

   9. Certain Landlords may choose to work with the Debtors or Reorganized Debtors directly, but others prefer that their representative(s) handle this process since the Debtors are operating in a chapter 11 setting outside of the ordinary course of business. As a result, in order for the Cure Amounts to be resolved most efficiently, the Plan should be amended to obligate the Debtors and Disbursing Agent to confer with the Landlord or any of its representatives, including counsel and any managing agent, with respect to Cure Amounts.

2. **Undisputed Portions of Cure Amounts Must Be Paid On the Effective Date, With Disputed Amounts Paid Upon a Final Resolution or Adjudication**

   10. Section 7.4 of the Plan provides, in relevant part:

   If an objection, motion to estimate, or other challenge to a Claim is filed, no payment or Distribution provided under the Plan shall be made on account of such Claim unless and until (and only to the extent that) such Claim becomes an Allowed Claim.

   11. With respect to amounts asserted by the Landlords under the Leases for the cure of defaults under section 365(b)(1)(A) of the Bankruptcy Code that differ from what the

Debtors' records reflect, the Debtors should pay any undisputed portion of cure amounts on the Effective Date and escrow the difference between the Landlords' asserted cure amounts and the Debtors' proposed cure amounts (the "Disputed Cure Amounts").

12. The Debtors should further pay any Disputed Cure Amounts within five (5) business days after a resolution is reached between a Landlord and the Debtors or an order of this Court is entered directing payment of any Disputed Cure Amounts.

**3. Any Proposed Assignment of a Lease Must Be Made With Sufficient Notice to the Landlord, and the Proposed Assignee Must Provide Adequate Assurance Information**

13. Section 8.1(b) of the Plan provides that "the assumption of … unexpired leases … may include the assignment of certain of such contracts to [Debtor] Affiliates." This provision is notably lacking any mechanism that provides Landlords with sufficient notice and an opportunity to object to any assignment, or any form of adequate assurance information for a proposed assignee.

14. While the Landlords generally do not object to the assumption of Leases, the Debtors must recognize that there are certain procedural safeguards afforded to Landlords under the Bankruptcy Code with respect to the assumption and assignment of leases.

15. First, the Plan should be amended to provide sufficient notice to Landlords with at least fourteen (14) days to object to any proposed assignment of their Leases.

16. Further, the Plan should be amended to require that, upon any proposed assumption and assignment of a Lease, the respective Landlord and their counsel be provided with adequate assurance information for the specific entity that is proposed as the assignee of a Lease, including the following:

    (i)    The exact name of the entity which is going to be designated as the proposed assignee of each Lease;

(ii) The proposed assignee's and/or any guarantor's audited financial statements (or un-audited, if audited financials are not available) and any supplemental schedules for the calendar or fiscal years ending 2016, 2017, 2018.

(iii) The proposed assignee's 2019 and 2020 business plans, including sales and cash flow projections; and

(iv) Any financial projections, calculations, and/or financial pro-formas prepared in contemplation of taking assignment of the Leases.

**4. Any Lease Determinations Must Be Made Prior to the Entry of a Confirmation Order**

17. Section 8.2(b) of the Plan provides, in relevant part:

> To the extent the Assumption Dispute is resolved or determined unfavorably to the Debtor or the Reorganized Debtor, as applicable, such Debtor or Reorganized Debtor, as applicable, may reject (with the consent of the Required Supporting Term Lenders and the Crossover Holder) the applicable … unexpired lease after such determination.

18. Confirmed plans typically do not become effective until sometime after entry of a confirmation order; thus, the Landlords interpret this provision to mean that lease determinations may still be unsettled in the period between the entry of a confirmation order and the effective date of the Plan.

19. As a result, and consistent with section 365(d)(4) of the Bankruptcy Code, the Plan should be amended to provide that any determination of the Debtors to assume, assume and assign, or reject a lease must be made prior to the entry of a confirmation order.

**5. The Debtors Must Remain Responsible for Accrued But Unbilled Amounts and Indemnity Obligations**

20. Section 8.3 of the Plan appears to provide for an improper release of claims held by the Landlords in connection with their assumed leases. The Plan provides, in relevant part:

> Assumption or assumption and assignment of any … unexpired lease pursuant to the Plan, or otherwise, shall, subject to satisfaction of the Cure

> Amount, result in the full release and satisfaction of any Claims or defaults, whether monetary or nonmonetary … arising under any assumed or assumed and assigned … unexpired lease at any time before the effective date of the assumption[.]

*See* Plan § 8.3.

21. Consequently, the Plan is unclear as to whether confirmation will be without prejudice to the rights of Landlords with assumed leases to be able to pursue any and all claims they may have against the Debtors with respect to the assumed leases after confirmation.

22. Therefore, the Plan should be amended to obligate the Debtors, upon assumption of a Lease, to satisfy any accrued but unbilled amounts under the Lease including, but not limited to, common area maintenance charges, taxes, and year-end adjustments, and to remain liable for any indemnity obligations under the Leases, regardless of whether a claim arose before or after the Effective Date.

## **RESERVATION OF RIGHTS AND JOINDER**

23. The Landlords reserve the right to amend and/or supplement this Limited Objection by asserting any and all other claims, whether based on cure or otherwise, or objections to assumption or Plan confirmation as may be appropriate at or before the confirmation hearing.

24. To the extent not inconsistent with this Limited Objection, the Landlords join in the objections of other landlords and contract counterparties to the Plan.

## **CONCLUSION**

**WHEREFORE**, the Landlords respectfully request that the Court enter an order consistent with the foregoing objections and grant such other and further related relief as may be just and proper under all of the circumstances.

Dated: December 21, 2018
      Wilmington, Delaware

                LAW OFFICE OF SUSAN E. KAUFMAN, LLC

                */s/ Susan E. Kaufman*
                Susan E. Kaufman, (DSB# 3381)
                919 North Market Street, Suite 460
                Wilmington, DE 19801
                Telephone: (302) 472-7420
                Fax: (302) 792-7420
                Email: skaufman@skaufmanlaw.com

                - and -

                KELLEY DRYE & WARREN LLP
                Robert L. LeHane, Esq.
                Scott L. Fleischer, Esq.
                101 Park Avenue
                New York, New York 10178
                Telephone: (212) 808-7800
                Facsimile: (212) 808-7897

                *Counsel for Brookfield Properties Retail Group,*
                *Hines Real Estate Investment Trust, Inc.,*
                *Philips International Holding Corp., and*
                *SITE Centers Corp.*