## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| DAVID'S BRIDAL, INC., *et al.*,[1] | ) Case No. 18-12635 (LSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Hearing Date: January 4, 2019 at 1:30 p.m.** |
| | ) **Objection Deadline: December 21, 2018 at 4:00 p.m.** |
| | ) **Related Docket Nos. 12 & 13** |
| | ) |

### LIMITED OBJECTION, JOINDER AND RESERVATION OF RIGHTS OF CUMBERLAND AVENUE PLAZA, L.L.C. TO THE DEBTORS' (I) PROPOSED JOINT PREPACKAGED PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE, AND (II) DISCLOSURE STATEMENT FOR JOINT PREPACKAGED CHAPTER 11 PLAN OF REORGANIZATION OF DAVID'S BRIDAL, INC. AND ITS AFFILIATED DEBTORS

Cumberland Avenue Plaza, L.L.C. (the "Landlord"), by and through its attorneys, submits this Limited Objection, Joinder and Reservation of Rights (the "Limited Objection")[2] to the Debtors' (i) Proposed Joint Prepackaged Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (Dkt. 12), and (ii) Disclosure Statement for Joint Prepackaged Chapter 11 Plan of Reorganization of David's Bridal, Inc. and Its Affiliated Debtors (Dkt. 13). In support of this Limited Objection, the Landlord respectfully represents as follows:

### JURISDICTION

1.    The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: David's Bridal, Inc. (4563); DB Investors, Inc. (8503); DB Holding, Inc. (4567); and DB Midco, Inc. (3096). The location of the Debtors' corporate headquarters is 1001 Washington Street, Conshohocken, Pennsylvania 19428.

[2] The Landlord has been addressing this Objection with the Debtors but has yet to reach a resolution.

## BACKGROUND

2. On November 19, 2018 (the "Petition Date"), the Debtors commenced voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the Court.

3. The Landlord and one of the Debtors, David's Bridal, Inc. (the "Tenant"), are parties to an unexpired lease of nonresidential real property (the "Lease") of premises located at 40 Cumberland Avenue, North Attleboro, MA (the "Premises").

4. On the Petition Date, the Debtors filed a Proposed Joint Prepackaged Chapter 11 Plan of Reorganization under Chapter 11 of the Bankruptcy Code (the "Plan") (Dkt. 12) and a proposed Disclosure Statement for Joint Prepackaged Chapter 11 Plan of Reorganization of David's Bridal, Inc. and Its Affiliated Debtors (the "Disclosure Statement") (Dkt. 13).

5. On November 20, 2018, the Court entered an Interim Order (I) Authorizing the Debtors to obtain Post Petition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection to the Prepetition Lenders, (V) Modifying the Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief (the "Interim DIP Order") (Dkt. 102).

6. On December 11, 2018, the Debtors filed a Notice of Filing of Plan Supplement to Proposed Joint Prepackaged Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "Plan Supplement") (Dkt. 167).

**OBJECTION**

**A. *The Plan Should be Amended to Clarify that the Holders of General Unsecured Claims Shall be Paid in Full and Unimpaired.***

7. Section 4.6(b) of the Plan provides:

> (i) the Reorganized Debtors shall continue to pay or treat each Allowed General Unsecured Claim in the ordinary course of business as if the Chapter 11 Cases had never been commenced, or (ii) such holder will receive such other treatment so as to render such holder's Allowed General Unsecured Claim Unimpaired pursuant to section 1124 of the Bankruptcy Code, in each case subject to all defenses or disputes the Debtors and the Reorganized Debtors may have with respect to such claims, including as provided in Section 6.17 of the Plan . . ..

8. The Plan should be clarified to provide that the holders of Allowed General Unsecured Claims[3] (including holders of claims arising from rejection of the leases) are to be paid in full and unimpaired.

**B. *The Collateral Should Not Include Liens Against the Leases, and the Exit Financing Lenders Should Not Be Granted Rights of Entry or Occupancy.***

9. The Plan provides that "[t]he Confirmation Order shall constitute approval of the Exit Facilities (including the transactions contemplated thereby and all payments contemplated thereunder (including the Backstop Payment), and all actions to be taken, undertakings to be made, and obligations to be incurred and fees paid by the Reorganized Debtors in connection therewith) . . ." (Dkt. 12, § 5.5[c]). The Plan further provides:

> On the Effective Date, the Exit Facility Documents shall be executed and delivered substantially on the terms and conditions set forth in the Restructuring Term Sheet. All Liens and security interests granted pursuant to the Exit Facility Documents shall be (i) valid, binding, perfected, and enforceable Liens and security interests in the personal and real property described in and subject to such document, with the priorities established in respect thereof under applicable non-bankruptcy law, (ii) granted in good faith and deemed not to constitute a fraudulent conveyance or fraudulent transfer, and (iii) not otherwise subject to avoidance, characterization, or subordination under any applicable law. Each of the Debtors, the Reorganized Debtors, and the Entities granted such Liens and

---

[3] Capitalized terms not defined herein have the same definition as set forth in the Plan.

security interests are authorized to make all filings and recordings, and to obtain all governmental approvals and consents necessary to establish, attach, and perfect such Liens and security interests under any applicable law, and shall thereafter cooperate to make all other filings and recordings that otherwise would be necessary under applicable law to give notice of such Liens and security interests to third parties."

(Dkt. 12, § 5.5[d]).

10. The Exit Facility Documents have not been disclosed to the Landlords. The Plan Supplement is required to be filed "not later than ten (10) calendar days prior to the deadline to object to the Plan" (Dkt. 12, § 1.83). While the Plan Supplement was timely filed, it fails to include certain documents, as set forth below, and provides with respect to every document disclosed that such document "remain[s] subject to continuing negotiations among the Debtors and interested parties with respect thereto[,]" and the Debtors' reservation of rights "to amend, revise, or supplement the Plan Supplement, and any of the documents and designations contained therein, at any time before the Effective Date of the Plan, or any such other date as may be provided for by the Plan or by order of the Bankruptcy Court." The Plan Supplement provides as follows:

    a. Exit ABL Facility Credit Agreement: Not provided and stated "to come";

    b. Priority Exit Facility Credit Agreement: Not provided, but the Debtors have disclosed a "Non-Binding Summary of Proposed Terms and Conditions for Priority Senior Term Loan Credit Facility";

    c. Takeback Term Loan Credit Agreement: Not provided, but the Debtors have disclosed a "Non-Binding Summary of Proposed Terms and Conditions for Senior Term Loan Credit Facility."

(Dkt. 167).

11. The term sheets provided refer to "collateral" generally, with no definition thereof. The Plan defines "Collateral" as "any asset of the Estate that is subject to a Lien securing the payment or performance of a Claim, which Lien is valid, perfected and enforceable, and has not been avoided under the Bankruptcy Code or applicable nonbankruptcy law" (Dkt. 12, § 1.19).

12. The Interim DIP Order grants to the post-petition lenders a lien against only "owned real property and all proceeds of leased real property[,]" and further expressly excludes the leases of non-residential real property, stating: "Notwithstanding the foregoing, DIP Collateral shall not include (a) real property leases . . ." (Dkt. 102 at 26-27).

13. The Landlord does not object to the Debtors obtaining exit financing. However, such exit financing should not be secured by a lien against leases of non-residential real property, or permit rights of entry or occupancy of the Premises without the express written consent of the Landlord.

C. *The Debtors Cannot Enter Into Any Restructuring Transactions that are Not Permitted by the Lease.*

14. Pursuant to Article VI.D.10 of the Disclosure Statement and Section 5.10 of the Plan, "[o]n or as soon as practicable after the Effective Date, the Reorganized Debtors shall . . . take such actions as may be or become necessary or appropriate to effect any transaction described in, approved by, contemplated by, or necessary to effectuate the Plan (collectively, the "**Restructuring Transactions**")[.]" The Restructuring Transactions may include a "merger, . . . conversion, disposition, [or] transfer," and the taxable transfer of all or a portion of the Debtors' assets or Entities to one or more newly-formed Entities (or an affiliate or subsidiary of such Entity or Entities) . . ." (Dkt. 12, § 5.10). The Debtors and/or the Reorganized Debtors should

not be permitted to enter into any restructuring transactions which are not permitted by the Lease.

### D. *The Landlord's Rights of Setoff, Recoupment and Subrogation Must be Preserved.*

15. While reserving the Reorganized Debtors' rights to set off and recoupment against one or more creditors, the Debtors propose an overly broad injunction against any creditor who may hold a claim against the Debtors and/or the Released Parties

16. Article VI.E.17 of the Disclosure Statement and Section 6.17 of the Plan preserve the Reorganized Debtors' rights, pursuant to section 553 of the Bankruptcy Code, applicable non-bankruptcy law, or as may be agreed to by a Claimant to

> set off against any Allowed Claim and the distributions to be made pursuant to the Plan on account of such Allowed Claim (before any distribution is made on account of such Allowed Claim), any claims, rights, and Causes of Action of any nature that such Debtor or Reorganized Debtor, as applicable, may hold against the holder of such Allowed Claim, to the extent settled on or prior to the Effective Date[.]

(Dkt. 12, § 6.17; Dkt. 13, art. VI.E.17). However, those same provisions prevent the Landlord from asserting the same setoff rights "unless such holder has filed a motion with the Bankruptcy court requesting the authority to perform such setoff on or before the Confirmation Date" (Dkt. 12, § 6.17; Dkt. 13, art. VI.E.17), and Article VI.I.5 of the Disclosure Statement and Section 10.5 of the Plan enjoin the Landlord from "asserting any right of setoff, directly or indirectly" (Dkt. 12, § 10.5; Dkt. 13, art. VI.I.5).

17. The right to a setoff is preserved in section 553 of the Bankruptcy Code, and "once the requirements of setoff have been established, that right of setoff is not affected by any provision of title 11, except, as noted in section 553(a) itself, sections 362 and 363." *In re Maines*, 2010 Bankr. LEXIS 3551, at *13 (Bankr. D. N.J. Oct. 8, 2010) (citing *In re Luongo*, 259

F.3d323, 333 (5th Cir. 2001)); *see also In re De Laurentis Entm't Group, Inc.*, 963 F.2d 1269, 1274, 1276 (9th Cir. 1992).

18. "[A] right of recoupment is a defense and not a claim in the bankruptcy context." *Folger Adam Sec., Inc. v. DeMatteis/MacGregor, J.V.*, 209 F.3d 252, 260 (3d Cir. 2000). As such, "[a] valid exercise of the right of recoupment is not subject to § 524(a)(2)" of the Bankruptcy Code. *In re Pucci*, 2009 Bankr. LEXIS 5543, at *25 (Bankr. W.D. Pa. May 11, 2009).

19. All setoff, subrogation, and recoupment rights of the Landlord must be preserved under the Plan, especially considering the Debtors' assertion that the claims are unimpaired.

### E. *The Landlord Objects to Any Assignment of the Lease under the Plan.*

20. The Disclosure Statement and Plan provide for deemed assumption of all unexpired leases of nonresidential real property as of and subject to the occurrence of the effective date,

> "except for any executory contract or unexpired lease that (i) previously has been assumed, assumed and assigned, or rejected . . ., (ii) is the subject of a separate motion or notice filed by the Debtors on or before the Confirmation Date seeking to assume, assume and assign, or reject pursuant to this Plan, the Confirmation Order or section 365 of the Bankruptcy Code, or (iii) is the subject of a pending Assumption Dispute."

(Dkt. 12, § 8.1[a]; Dkt. 13, art. VI.G.1.a). The Disclosure Statement and Plan further provide that "entry of the Confirmation Order shall constitute approval of the assumptions or assumptions and assignments," and that the assumption of an unexpired leases of nonresidential real property "may include the assignment of certain of such contracts to Affiliates" (Dkt. 12, § 8.1[b]; Dkt. 13, art. VI.G.1.b). Finally, the Disclosure Statement and Plan provide that all cure amounts shall be paid "following assumption or assumption and assignment of the underlying executory contract or unexpired lease" (Dkt. 12, § 8.3; Dkt. 13, art. VI.G.3).

7

21. The Landlord objects to any assumption and assignment of the Lease under the Plan as there is nothing in the Plan requiring sufficient (or any) notice of any proposed assumption and assignment of the Lease, or requiring the Debtors to provide adequate assurance of future performance with respect to any proposed assignee. Therefore, the Disclosure Statement and Plan should provide or clarify that the Debtors shall not assume and assign any unexpired leases of nonresidential real property, except on motion to the Court with sufficient notice to the applicable landlord.

### F. The Debtors and/or Reorganized Debtors Cannot Alter the Treatment of the Leases After Entry of an Order Confirming the Plan.

22. Section 8.8(d) of the Plan provides that, "[i]f there is an Assumption Dispute or a dispute regarding whether a contract or lease is or was executory or unexpired at the time of assumption or rejection under the Plan, the Debtors or the Reorganized Debtors, as applicable, shall have sixty (60) days following entry of a Final Order resolving such dispute to alter their treatment of such contract or lease by filing a notice indicating such altered treatment" (Dkt. 12, § 8.8[d]).

23. The Lease is an unexpired leases of nonresidential real property, which enjoys the protections of section 365(d)(4) of the Bankruptcy Code. Section 365(d)(4) of the Bankruptcy Code requires (and it is well established) that the Debtors must assume or reject an unexpired lease of nonresidential real property by the date of confirmation of the Plan. Specifically, section 365(d)(4) provides that the Debtors must assume or reject unexpired leases of nonresidential real property "by the earlier of (i) the date that is 120 days after the date of the order for relief; or (ii) the date of the entry of an order confirming a plan." 11 U.S.C. § 365(d)(4)(A). The Debtors do not have the authority to assume or reject unexpired leases of nonresidential real property beyond confirmation of the Plan in the absence of the Landlords' consent.

### G. Any Assumption of the Lease Must Be Cum Onere with the Debtor or the Reorganized Debtor Assuming Liability for All Obligations for Accrued, But Unbilled or Not Due Rent and Charges and Indemnity Obligations.

24. It is well settled that assumption of the Lease must be *cum onere*, accepting both its benefits and burdens. *See In re Fleming Cos.*, 499 F.3d 300, 308 (3d Cir. 2007) (quoting *In re Italian Cook Oil Corp.*, 190 F.2d 994, 997 (3d Cir. 1951)).

25. The Lease includes a continuing obligation to pay additional rent and charges, including, but not limited to, adjustments and reconciliations for the Tenant's proportionate share of the real estate taxes and common area and building maintenance expenses, which have accrued, or will accrue under the Lease through any assumption of the Lease and are not yet billed or due. Additionally, the Lease includes contractual obligations to indemnify the Landlord for events occurring prior to any assumption of the Lease, including claims which may not become known until after the Lease is assumed.

26. The Tenant continues to be responsible to pay additional rent and charges which have accrued, or will accrue under the Lease through any assumption of the Lease and are not yet billed or due, and to indemnify the Landlord for all claims. Therefore, the Order confirming the Plan ("constitute[ing] approval of the assumption[]" of the Lease (Dkt. 12, § 8.1[b])) must expressly state that the Landlord's claims to such rent and charges and indemnity obligations under the Lease are not released, and that the Debtors or the Reorganized Debtor shall be liable to the Landlord for such obligations, regardless of when such obligations accrued.

### H. Creditors' Claims Are Not Unimpaired If The Creditors Are Required to Object to the Plan in Order to be Excluded as a Releasing Party.

27. The Plan provides for a broad release of the "Released Parties" (Dkt. 12, § 10.6[b]), and Article XII.A of the Disclosure Statement provides that the holders of unimpaired claims or interests release the Released Parties if they "DO NOT OBJECT TO THE RELEASES BY FILING AN OBJECTION TO THE PLAN" (Dkt. 13, art. XII.A). Unlike holders of impaired claims, the holders of unimpaired claims are not permitted to simply opt out of the releases (*id.*). The Landlord objects to this release. The proposed release is not consensual, and creditors' claims are not unimpaired if they are compelled to object in order to be excluded as a releasing party.

### JOINDER AND RESERVATION OF RIGHTS

28. The Landlord reserves its right to supplement this Limited Objection and to make such other and further objections as it may deem necessary or appropriate, including, but not limited to, objections to any Amended Plan or Disclosure Statement, any supplement or amendment to the Plan Supplement, any Exit Facility Documents, and any Order confirming the Plan and approving the Disclosure Statement.

29. The Landlord joins in the objections filed by other landlords of the Debtors, to the extent not inconsistent with this Objection.

## CONCLUSION

**WHEREFORE**, the Landlord respectfully requests that the Court deny confirmation of the Plan and approval of the Disclosure Statement, except upon modification of the Plan and Disclosure Statement and entry of an Order consistent with this Objection, and grant the Landlord any additional and further relief the Court deems just and proper.

Dated: December 21, 2018  
Wilmington, Delaware

Respectfully submitted,

*/s/ Leslie C. Heilman*
Leslie C. Heilman, Esq. (No. 4716)
**BALLARD SPAHR LLP**
919 North Market Street, 11th Floor
Wilmington, Delaware 19801-3034
Telephone: (302) 252-4465
Facsimile: (302) 252-4466
E-mail: heilmanl@ballardspahr.com

- and -

Kevin M. Newman, Esquire
**BARCLAY DAMON LLP**
Barclay Damon Tower
125 East Jefferson Street
Syracuse, New York 13202-2020
Telephone: (315) 413-7115
Facsimile: (315) 703-7349
E-mail: knewman@barclaydamon.com

*Attorneys for Cumberland Avenue Plaza, L.L.C.*