## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------- x
: 
In re: : Chapter 11
 :
    DAVID'S BRIDAL, INC., *et al.*,[1] : Case No. 19-12635 (LSS)
 :
 :
                  Debtors. : Jointly Administered
 :
 : **RE: Docket Nos. 12, 13, and 248**
---------------------------------------------------- x

### DECLARATION OF CARRIANNE J.M. BASLER IN SUPPORT OF CONFIRMATION OF THE DEBTORS' JOINT PREPACKAGED PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

I, Carrianne J.M. Basler, hereby declare (this "**Declaration**")[2] that the following is true to the best of my knowledge, information, and belief:

1. I am a Managing Director of AlixPartners LLP ("**AlixPartners**"), a restructuring advisory services firm which has a principal place of business at 909 Third Avenue, Floor 30, New York, New York 10022. AlixPartners is an internationally recognized restructuring and turnaround firm that has a wealth of experience in providing financial advisory services and enjoys an excellent reputation for services it has rendered in large and complex chapter 11 cases on behalf of debtors and creditors throughout the United States. AlixPartners has been engaged by the Debtors as financial advisor.[3] I am over the age of 18 and authorized to make this

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: David's Bridal, Inc. (4563); DB Investors, Inc. (8503); DB Holdco, Inc. (4567); and DB Midco, Inc. (3096). The location of the Debtors' corporate headquarters is 1001 Washington Street, Conshohocken, Pennsylvania 19428.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Plan or the Disclosure Statement, as applicable, each as defined below.

[3] See *Order Authorizing the Debtors to Retain AlixPartners, LLP as Financial Advisor effective Nunc Pro Tunc to the Petition Date* [D.I. 216] (the "**AlixPartners Retention Order**").

1

declaration on the Debtors' behalf. If called upon to testify, I could and would testify competently to the facts set forth herein.

2. Except as otherwise indicated herein, all facts set forth in this Declaration are based upon my personal knowledge of the operations and finances of the Debtors, the conduct of myself and my colleagues at AlixPartners in rendering services to the Debtors, and information learned from my review of relevant documents and information supplied to me by or on behalf of the Debtors, their other Professionals, and other AlixPartners employees. I submit this Declaration in support of approval of the Debtors' *Disclosure Statement for Joint Prepackaged Chapter 11 Plan of Reorganization of David's Bridal, Inc. and its Affiliated Debtors* [D.I. 13] (the "**Disclosure Statement**") and confirmation of the *Proposed Joint Prepackaged Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [D.I. 12] (as may be amended, modified or supplemented, the "**Plan**").

3. I have received no direct compensation from the Debtors in connection with the preparation of this Declaration and my anticipated testimony in support of the Plan, if necessary. I am compensated directly by AlixPartners, which is compensated by the Debtors pursuant to the AlixPartners Retention Order.

## I. Background and Qualifications

4. I have been employed by AlixPartners since 1995 and currently hold the title of Managing Director. I received a Bachelor of Business Administration in accounting from the Wisconsin School of Business at the University of Wisconsin–Madison. I have over 25 years of extensive financial consulting experience combined with hands-on management in the areas of contingency planning, bankruptcy administration, vendor management, treasury, business planning and risk management. I have also served in an advisory capacity to senior management

in the areas of business plan feasibility and financial strategy, lender negotiations, plan of reorganizational development, divestiture strategies, and postconfirmation administration. My most recent assignment was as financial advisor to Pacific Drilling.

5. Since the firm's engagement on September 20, 2018, AlixPartners has been working closely with the Debtors and their professionals in assisting with the requirements of these Chapter 11 Cases. As a result, AlixPartners has acquired significant knowledge of the Debtors and their businesses and is intimately familiar with the Debtors' financial affairs, debt structure, business operations, capital structure, key stakeholders, financing documents and other related material information.

6. AlixPartners has provided assistance to the Debtors with respect to management of the overall restructuring process, the development of liquidity forecasts and supporting restructuring negotiations among the Debtors, their professionals, and their creditors with respect to the Plan and overall exit strategy for these Chapter 11 Cases. In addition, AlixPartners has, among other things: assisted with bankruptcy administration or other restructuring initiatives, as necessary; assisted with financing issues, including the preparation of reports and liaising with creditors; assisted in the development and management of cash flow forecasts; and analyzed creditor claims.

7. I am familiar with the Plan. I have also reviewed and am familiar with the hypothetical liquidation analysis annexed to the Disclosure Statement as Exhibit C (the "**Liquidation Analysis**"), which I prepared along with colleagues working under my supervision.

## II. The Plan Is in the Best Interests of Creditors and Interest Holders (Section 1129(a)(7))

8. I understand that Bankruptcy Code section 1129(a)(7) sets forth the "best interests test" for confirmation of a chapter 11 plan and generally provides that for each class of impaired claims or interests, each holder in such class either (a) has accepted the plan or (b) will receive or retain under the plan property of a value, as of the effective date of the plan, that is not less than the amount that such holder would receive or retain if the debtor liquidated under chapter 7 of the Bankruptcy Code.

9. Based upon my review of the Liquidation Analysis and my experience assisting the Debtors throughout the negotiation of the Plan, I believe that the Plan is in the best interests of creditors because each Class of Claims or Interests will receive more under the Plan than such Class would receive in a hypothetical chapter 7 liquidation as set forth in the Liquidation Analysis. It is my understanding, therefore, that the Plan satisfies the requirements of Bankruptcy Code section 1129(a)(7).

[The remainder of this page is left blank intentionally]

1004862619v4

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 28, 2018
Waunakee, Wisconsin

*/s/ Carrianne J.M. Basler*
Carrianne J.M. Basler
Managing Director
AlixPartners LLP

1004862619v4