**Exhibit A**

**Objection Summary Chart**

*In re David's Bridal, Inc.*, et al.
**Chapter 11 Case No. 18-12635 (LSS) (Jointly Administered)**
<u>**Summary of the Debtors' Responses to Objections to Confirmation of the Plan**</u>[1]

| Objections | Page No. |
|---|---|

**I.  Objections to the Debtors' Joint Prepackaged Chapter 11 Plan of Reorganization Under Chapter 11 of the Bankruptcy Code ................. 4**

Maricopa County Treasurer's Objection of Proposed Joint Prepackaged Plan of the Reorganization Under Chapter 11 of the Bankruptcy Code [D.I. 183]................................................................................................................................................................................ 4

Limited Objection of Brookfield Properties Retail Group, Hines Real Estate Investment Trust, Inc., Philips International Holding Corp., and Site Centers Corp. to the Proposed Joint Prepackaged Plan of Reorganization Under Chapter 11 of the Bankruptcy Code [D.I. 232]................. 4

Limited Objection of ARC CTCHRNC001, LLC, ARC SSSDLLA001, LLC, Brixmor Operating Partnership LP, Centerpoint Development Company L.L.C., Federal Realty Investment Trust, Gateway Pinole Vista, LLC, Manana-DCIT, LLC, MT San Antonio I, LLC, PGIM Real Estate, R46 Realty Associates, L.P., Starwood Retail Partners, LLC, and the Macerich Company to the Proposed Joint Prepackaged Plan of Reorganization Under Chapter 11 of the Bankruptcy Code. [D.I. 235] ................................................................................ 6

**II.  Objections to (A) the Debtors' Joint Prepackaged Chapter 11 Plan of Reorganization Under Chapter 11 of the Bankruptcy Code and (B) the Debtors' Assumption of Executory Contracts and Unexpired Leases. ............................................................................ 9**

Weingarten's Limited Objection to (1) Notice of Assumption of Executory Contracts and Unexpired Leases of Debtors and Related Procedures, (2) Joint Prepackaged Chapter 11 Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, and (3) Disclosure Statement for the Joint Prepackaged Chapter 11 Plan of Reorganization Under Chapter 11 of the Bankruptcy Code [D.I. 164] .......................... 9

4545 Kennedy, LLC's Limited Objection to (1) Notice of Assumption of Executory Contracts and Unexpired Leases of Debtors and Related Procedures, (2) Joint Prepackaged Chapter 11 Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, and (3) Disclosure Statement for the Joint Prepackaged Chapter 11 Plan of reorganization Under Chapter 11 of the Bankruptcy Code  [D.I. 190] ........................ 10

Spring Creek Improvements, LLC, Fairview Heights Improvements, LLC, Agree Limited Partnership, Ramco West Oaks II, LLC, and Villa View, LLC's Limited Objection to (1) Notice of Assumption of Executory Contracts and Unexpired Leases of Debtors and Related Procedures, (2) Joint Prepackaged Chapter 11 of the Bankruptcy Code, and (3) Disclosure Statement for the Joint Prepackaged Chapter 11 Plan of Reorganization Under Chapter 11 of the Bankruptcy Code  [D.I. 191] ................................................................................ 11

Limited Objection and Reservation of Rights of Salesforce.com, Inc. to the Assumption and Assignment of Executory Contracts and Release [D.I. 184] and Declaration of Kevin Ramirez in Support of the Limited Objection and Reservation of Rights of Salesforce.com, Inc. to the Assumption and Assignment of Executory Contracts [D.I. 185] ................................................................................................................. 12

---

[1]  Capitalized terms used but not otherwise defined in this Chart have the meanings provided to such terms in the *Debtors' Proposed Joint Prepackaged Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [D.I. 12] (as may be amended, supplemented, or modified, the "**Plan**").

Joinder of Washington Prime Group Inc. to the Limited Objection of Certain Landlords to the Debtors' Proposed Joint Prepackaged Plan of Reorganization Under Chapter 11 of the Bankruptcy Code [D.I. 231] ........................................................................ 14

Limited Objection, Joinder and Reservation of Rights of Cumberland Avenue Plaza, L.L.C. to the Debtors' (I) Proposed Joint Prepackaged Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, and (II) Disclosure Statement for Joint Prepackaged Chapter 11 Plan of Reorganization of David's Bridal, Inc. and its Affiliated Debtors [D.I. 233] ........................................... 14

Joinder of Madison Waldorf LLC to Weingarten's Limited Objection to (1) Notice of Assumption of Executory Contracts and Unexpired Leases of Debtors and Related Procedures, (2) Joint Prepackaged Chapter 11 Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, and (3) Disclosure Statement for the Joint Prepackaged Plan of Reorganization Under Chapter 11 of the Bankruptcy Code. [D.I. 234] ........................................................................................................................ 17

Comenity Capital Bank's Limited Objection and Reservation of Rights with Respect to (1) the Notice of Assumption of Executory Contracts and Unexpired Leases of Debtors and Related Procedures and (2) the Proposed Joint Prepackaged Plan of Reorganization Under Chapter 11 of the Bankruptcy Code. [D.I. 246] ....................................................................................... 18

**III.  Objections to the Debtors' Assumption of Executory Contracts and Unexpired Leases ............................................. 20**

Limited Objection and Reservation of Rights of Cumberland Avenue Plaza, L.L.C. to the Debtors' Notice of Assumption of Executory Contracts and Unexpired Leases of Debtors and Related Procedures [D.I. 186] ...................................... 20

CBL & Associates Management, Inc.'s ("CBL") Limited Objection to Debtor's Stated Cure Amounts  [D.I. 192] ....................... 21

Limited Objection of Washington Prime Group Inc. to the Notice of Assumption of Executory Contracts and Unexpired Leases of Debtors and Related Procedures [D.I. 193] ...................................................................................................... 22

Limited Objection of Brookfield Properties Retail Group, Hines Real Estate Investment Trust, Inc., Philips International Holding Corp., and Site Centers Corp. to the Notice of Assumption of Executory Contracts and Unexpired Leases of Debtors and Related Procedures [D.I. 197] ........................................................................................................................ 23

Limited Objection, Joinder and Reservation of Rights of Levin Management Corporation to the Notice of Assumption of Executory Contracts and Unexpired Leases of Debtors and Related Procedures [D.I. 204] ................................................ 24

Limited Objection of KIR Maple Grove L.P., KIR Tukwila, L.P., 280 Metro Limited Partnership and Amerishop Suburban, L.P. to Debtors' Notice of Assumption of Unexpired Leases of Debtors and Related Procedure [D.I. 225] ............................... 24

Limited Objection of ARC CTCHRNC001, LLC, ARC SSSDLLA001, LLC, Brixmor Operating Partnership LP, Centerpoint Development Company L.L.C., Federal Realty Investment Trust, Gateway Pinole Vista, LLC, Manana-DCIT, LLC, PGIM Real Estate, R46 Realty Associates, L.P., Starwood Retail Partners, LLC, The Macerich Company and Weitzman to the Notice of Assumption of Executory Contracts and Unexpired Leases of Debtors and Related Procedures [D.I. 229] ................................ 25

**IV.**   **Objections to the Debtor's Combined (1) Determination of the Adequacy of Their Disclosure Statement and (2) Confirmation of their Proposed Join Prepackaged Plan of Reorganization Including but not Limited to the Releases Contained in The Plan ................... 26**

Objections and Reservation of Rights of Jenny Yoo Collection, Inc. to the Debtors Sought After Combined (1) Determination of the Adequacy of their Disclosure Statement and (2) Confirmation of Their Proposed Joint Prepackaged Plan of Reorganization Including but not Limited to the Releases Contained in the Plan  [D.I. 238] ................................................................................................................. 26

# I. *Objections to the Debtors' Joint Prepackaged Chapter 11 Plan of Reorganization Under Chapter 11 of the Bankruptcy Code*

| Maricopa County Treasurer's Objection of Proposed Joint Prepackaged Plan of the Reorganization Under Chapter 11 of the Bankruptcy Code [D.I. 183] | | | |
|---|---|---|---|
| **ITEM** | **OBJECTION** | **RESPONSE** | **STATUS** |
| **1A.** | Section 10.1 of the Plan fails to provide for the retention of tax liens securing payment of the Maricopa County Treasurer's tax claims until the taxes and interest are paid in full.<br><br>[Page 2, paragraph 4, D.I. 183] | Maricopa County Treasurer has agreed to withdraw its objection once payment of the outstanding tax claims is received. The Debtors have sent payment of such claims and are awaiting confirmation of receipt. | **Pending resolution** |
| **1B.** | The Plan fails to provide for postpetition statutory interest that accrues on the Maricopa County Treasurer's tax claims.<br><br>[Page 2, paragraph 5, D.I. 183] | Same as Item 1A above. | **Same as Item 1A above** |

| Limited Objection of Brookfield Properties Retail Group, Hines Real Estate Investment Trust, Inc., Philips International Holding Corp., and Site Centers Corp. to the Proposed Joint Prepackaged Plan of Reorganization Under Chapter 11 of the Bankruptcy Code [D.I. 232] | | | |
|---|---|---|---|
| **ITEM** | **OBJECTION** | **RESPONSE** | **STATUS** |
| **2A.** | Section 6.2 of the Plan should be revised to provide for the Debtors or Disbursing Agent to recognize or deal with counsel and/or any management agent of the landlords.<br><br>[Page 3, paragraphs 7-9, D.I. 232] | The Debtors have revised Section 6.2 of the Plan to address this objection. | **The changes to the Plan should resolve this objection.** |

| | | | |
|---|---|---|---|
| Limited Objection of Brookfield Properties Retail Group, Hines Real Estate Investment Trust, Inc., Philips International Holding Corp., and Site Centers Corp. to the Proposed Joint Prepackaged Plan of Reorganization Under Chapter 11 of the Bankruptcy Code [D.I. 232] | | | |
| **2B.** | Undisputed portions of Cure Amounts must be paid on the Effective Date, with disputed amounts paid upon a final resolution or adjudication.<br><br>[Pages 3-4, paragraphs 10-12, D.I. 232] | Section 8.3 of the Plan provides that Cure Amounts shall be paid on the later of (i) the Effective Date or (ii) without acceleration in the ordinary course of business. The Debtors believe that the Plan treatment of Cure Amounts is appropriate and should not be changed. | **Disputed** |
| **2C.** | Any proposed assignments of leases must be made with sufficient notice to the affected landlords, and the proposed assignees must provide adequate assurance of their ability to satisfy the terms of the leases in question. Specifically, Section 8.1(b) of the Plan does not contain a notice requirement prior to assignment to Affiliates.<br><br>[Pages 4-5, paragraphs 13-16, D.I. 232] | The Debtors have added language to the Proposed Confirmation Order to address this objection, as discussed in paragraph 135 of the Memorandum. *See* Proposed Confirmation Order ¶ 28(d). | **The language in the Proposed Confirmation Order should resolve this objection.** |
| **2D.** | Any determinations of leases must be made prior to the Confirmation Date. Specifically, Section 8.2(b) of the Plan allows the Debtor or Reorganized Debtor to reject leases after an Assumption Dispute is resolved.<br><br>[Page 5, paragraphs 17-19 ,D.I. 232] | This objection is addressed in paragraphs 127 to 130 of the Memorandum. | **Disputed** |

| Limited Objection of Brookfield Properties Retail Group, Hines Real Estate Investment Trust, Inc., Philips International Holding Corp., and Site Centers Corp. to the Proposed Joint Prepackaged Plan of Reorganization Under Chapter 11 of the Bankruptcy Code [D.I. 232] | | |
|---|---|---|
| **2E.** | The Debtor must remain responsible for accrued but unbilled amounts and indemnity obligations. Specifically, Section 8.3 of the Plan appears to provide for an improper release of claims held by the landlords in connection with their assumed leases. It is currently unclear whether confirmation will be without prejudice to the rights of landlords with assumed leases, insofar as they seek to pursue claims against the Debtors.<br><br>[Pages 5-6, paragraphs 20-22, D.I. 232] | The Debtors have added language to the Proposed Confirmation Order to address this objection, as discussed in paragraphs 135 of the Memorandum. *See* Proposed Confirmation Order ¶ 28(b). | **The language in the Proposed Confirmation Order should resolve this objection.** |

| Limited Objection of ARC CTCHRNC001, LLC, ARC SSSDLLA001, LLC, Brixmor Operating Partnership LP, Centerpoint Development Company L.L.C., Federal Realty Investment Trust, Gateway Pinole Vista, LLC, Manana-DCIT, LLC, MT San Antonio I, LLC, PGIM Real Estate, R46 Realty Associates, L.P., Starwood Retail Partners, LLC, and the Macerich Company to the Proposed Joint Prepackaged Plan of Reorganization Under Chapter 11 of the Bankruptcy Code. [D.I. 235] | | |
|---|---|---|
| **ITEM** | **OBJECTION** | **RESPONSE** | **STATUS** |
| **3A.** | The Plan improperly seeks to assume or reject leases beyond the Confirmation Date absent landlord consent. Specifically, Sections 8.2(b) and 8.8(d) of the Plan, violate section 365(d)(4) of the Bankruptcy Code by extending the time period for rejecting leases beyond the Confirmation Date.<br><br>[Pages 3-4, paragraphs 5-8, D.I. 235] | See response to Item 2D above. | **Disputed** |

| ITEM | OBJECTION | RESPONSE | STATUS |
|---|---|---|---|
| | **Limited Objection of ARC CTCHRNC001, LLC, ARC SSSDLLA001, LLC, Brixmor Operating Partnership LP, Centerpoint Development Company L.L.C., Federal Realty Investment Trust, Gateway Pinole Vista, LLC, Manana-DCIT, LLC, MT San Antonio I, LLC, PGIM Real Estate, R46 Realty Associates, L.P., Starwood Retail Partners, LLC, and the Macerich Company to the Proposed Joint Prepackaged Plan of Reorganization Under Chapter 11 of the Bankruptcy Code. [D.I. 235]** | | |
| **3B.** | The plan improperly seeks to modify rights under leases. Any assumption of the lease must be *cum onere*, with the Debtor or the Reorganized Debtor assuming liability for all obligations for rent that has accrued but which is unbilled, rent that is yet due, maintenance charges and indemnity obligations.<br><br>[Pages 4-6. paragraphs 9-11, D.I. 235] | The Debtors have added language to the Proposed Confirmation Order to address this objection, as discussed in paragraphs 135 of the Memorandum. *See* Proposed Confirmation Order ¶ 28(b). | **The language in the Proposed Confirmation Order should resolve this objection.** |
| **3C.** | The Plan improperly seeks to deprive creditors of their setoff, recoupment and subrogation rights. Sections 10.5 and 10.11 of the Plan diminish the ability of the landlord to exercise such rights.<br><br>[Page 6-7, paragraph 12, D.I. 235] | The Debtors have added language to the Proposed Confirmation Order to address this objection, as discussed in paragraph 135 of the Memorandum. *See* Proposed Confirmation Order ¶ 35. | **The language in the Proposed Confirmation Order should resolve this objection.** |
| **3D.** | The injunction and release provisions are overbroad and ambiguous. Sections 10.3, 10.5 and 10.6(b) of the Plan improperly deprive landlords of their setoff rights and fail to address the fact that various claims and rights under leases that arise prior to confirmation must survive afterwards.<br><br>[Pages 7-8, paragraph 13, D.I. 235] | The Debtors have added language to the Proposed Confirmation Order to address this objection, as discussed in paragraph 135 of the Memorandum. *See* Proposed Confirmation Order ¶ 28(b) and Proposed Confirmation Order ¶ 35. | **The language in the Proposed Confirmation Order should resolve this objection.** |

| | Limited Objection of ARC CTCHRNC001, LLC, ARC SSSDLLA001, LLC, Brixmor Operating Partnership LP, Centerpoint Development Company L.L.C., Federal Realty Investment Trust, Gateway Pinole Vista, LLC, Manana-DCIT, LLC, MT San Antonio I, LLC, PGIM Real Estate, R46 Realty Associates, L.P., Starwood Retail Partners, LLC, and the Macerich Company to the Proposed Joint Prepackaged Plan of Reorganization Under Chapter 11 of the Bankruptcy Code. [D.I. 235] | | |
|---|---|---|---|
| **ITEM** | **OBJECTION** | **RESPONSE** | **STATUS** |
| **3E.** | The Debtors should pay all undisputed Cure Amounts not later than the Effective Date.<br><br>[Page 8, paragraph 14, D.I. 235] | See response to Item 2B above. | **Disputed** |
| **3F.** | The Debtors' exit financing must preserve and protect the rights of landlords. The collateral should not include liens against the leases, and the exit financing lenders should not be granted rights of entry or occupancy.<br><br>[Pages 9-10, paragraphs 18-19, D.I. 235] | The Debtors do not intend to grant the exit financing lenders liens against the Debtors' leases or provide them with rights of entry or occupancy in violation of applicable non-bankruptcy law. | **Pending resolution** |
| **3G.** | The unexpired leases cannot be assigned under the Plan without notice to the landlords.<br><br>[Pages 10-11, paragraphs 20-21, D.I. 235] | The Debtors have added language to the Proposed Confirmation Order to address this objection, as discussed in paragraph 135 of the Memorandum. *See* Proposed Confirmation Order ¶ 28(d). | **The language in the Proposed Confirmation Order should resolve this objection.** |

## II. *Objections to (A) the Debtors' Joint Prepackaged Chapter 11 Plan of Reorganization Under Chapter 11 of the Bankruptcy Code and (B) the Debtors' Assumption of Executory Contracts and Unexpired Leases.*

| Weingarten's Limited Objection to (1) Notice of Assumption of Executory Contracts and Unexpired Leases of Debtors and Related Procedures, (2) Joint Prepackaged Chapter 11 Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, and (3) Disclosure Statement for the Joint Prepackaged Chapter 11 Plan of Reorganization Under Chapter 11 of the Bankruptcy Code [D.I. 164] | | | |
|---|---|---|---|
| **ITEM** | **OBJECTION** | **RESPONSE** | **STATUS** |
| **4A.** | Weingarten objects to Section 8.1(a) of the Plan because it permits the Debtors to "change their minds" and reject unexpired leases after the Confirmation Date.<br><br>[Page 4-5, paragraphs 11-16, D.I. 164] | See response to Item 2D above. | **Disputed** |
| **4B.** | The Plan is ambiguous and may allow the Debtors to assume the benefits of all unexpired leases without necessarily assuming all of the associated burdens, thus violating section 1129(a)(1) of the Bankruptcy Code. The Plan should be amended to include language that makes clear that all terms and obligations of the assumed leases survive confirmation of the Plan without exception.<br><br>[Pages 6-10, paragraphs 17-27, D.I. 164] | The Debtors have added language to the Proposed Confirmation Order to address this objection, as discussed in paragraphs 135 of the Memorandum. *See* Proposed Confirmation Order ¶ 28(b). | **The language in the Proposed Confirmation Order should resolve this objection.** |
| **4C.** | Section 8.2 of the Plan provides for the assignment of leases without proper notice or disclosure.<br><br>[Pages 10-11, paragraphs 28-30, D.I. 164] | The Debtors have added language to the Proposed Confirmation Order to address this objection, as discussed in paragraph 135 of the Memorandum. *See* Proposed Confirmation Order ¶ 28(d). | **The language in the Proposed Confirmation Order should resolve this objection.** |

| 4545 Kennedy, LLC's Limited Objection to (1) Notice of Assumption of Executory Contracts and Unexpired Leases of Debtors and Related Procedures, (2) Joint Prepackaged Chapter 11 Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, and (3) Disclosure Statement for the Joint Prepackaged Chapter 11 Plan of reorganization Under Chapter 11 of the Bankruptcy Code  [D.I. 190] | | | |
|---|---|---|---|
| **ITEM** | **OBJECTION** | **RESPONSE** | **STATUS** |
| **5A.** | Section 8.1(a) of the Plan permits the Debtors to "change their mind" and reject the landlord's lease after the Confirmation Date.<br><br>[Page 4, paragraphs 10-15, D.I. 190] | See response to Item 2D above. | **Disputed** |
| **5B.** | Sections 1.17, 8.3, 10.2, 10.3, 10.5 and 10.6 of the Plan contain language that allows the Debtors to assume the benefits of their unexpired lease with the landlord without necessarily assuming all of the associated burdens, thus violating section 1129(a)(1) of the Bankruptcy Code.  The Plan should be amended to include language that makes clear that all terms and obligations of any assumed leases survive confirmation of the Plan without exception.<br><br>[Pages 6-9, paragraphs 16-26, D.I. 190] | The Debtors have added language to the Proposed Confirmation Order to address this objection, as discussed in paragraphs 135 of the Memorandum.  *See* Proposed Confirmation Order ¶ 28(b). | **The language in the Proposed Confirmation Order should resolve this objection.** |
| **5C.** | Section 8.2 of the Plan provides for the assignment of the landlord's lease without proper notice or disclosure.<br><br>[Page 10, paragraphs 27-29, D.I. 190] | The Debtors have added language to the Proposed Confirmation Order to address this objection, as discussed in paragraph 135 of the Memorandum.  *See* Proposed Confirmation Order ¶ 28(d). | **The language in the Proposed Confirmation Order should resolve this objection.** |

| ITEM | OBJECTION | RESPONSE | STATUS |
|---|---|---|---|
| | Spring Creek Improvements, LLC, Fairview Heights Improvements, LLC, Agree Limited Partnership, Ramco West Oaks II, LLC, and Villa View, LLC's Limited Objection to (1) Notice of Assumption of Executory Contracts and Unexpired Leases of Debtors and Related Procedures, (2) Joint Prepackaged Chapter 11 of the Bankruptcy Code, and (3) Disclosure Statement for the Joint Prepackaged Chapter 11 Plan of Reorganization Under Chapter 11 of the Bankruptcy Code  [D.I. 191] | | |
| **6A.** | Section 8.1(a) of the Plan permits the Debtors to "change their mind" and leases after the Confirmation Date.<br><br>[Page 9, paragraphs 25-29, D.I. 191] | See response to Item 2D above. | **Disputed** |
| **6B.** | The landlords also object on disclosure grounds in that the Debtors should be required to clearly articulate their interpretation regarding the assumption procedures.<br><br>[Page 9, paragraph 29, D.I. 191] | The Debtors believe that the assumption procedures are clearly set forth in the Plan, Disclosure Statement and the Proposed Confirmation Order and that no clarification is required. | **Disputed** |
| **6C.** | Sections 8.3, 10.3 and 10.6 of the Plan allow the Debtors to assume the benefits of all unexpired leases without necessarily assuming all of the associated burdens, thus violating section 1129(a)(1) of the Bankruptcy Code.  The Plan or the Confirmation Order should clarify that the Debtors are fully and unconditionally obligated to perform all of their obligations under leases post-confirmation.<br><br>[Pages 9-11, paragraphs 30-37 D.I. 191] | The Debtors have added language to the Proposed Confirmation Order to address this objection, as discussed in paragraphs 135 of the Memorandum. *See* Proposed Confirmation Order ¶ 28(b). | **The language in the Proposed Confirmation Order should resolve this objection.** |

| Spring Creek Improvements, LLC, Fairview Heights Improvements, LLC, Agree Limited Partnership, Ramco West Oaks II, LLC, and Villa View, LLC's Limited Objection to (1) Notice of Assumption of Executory Contracts and Unexpired Leases of Debtors and Related Procedures, (2) Joint Prepackaged Chapter 11 of the Bankruptcy Code, and (3) Disclosure Statement for the Joint Prepackaged Chapter 11 Plan of Reorganization Under Chapter 11 of the Bankruptcy Code  [D.I. 191] | | | |
|---|---|---|---|
| **ITEM** | **OBJECTION** | **RESPONSE** | **STATUS** |
| **6D.** | Section 8.2 of the Plan provides for the assignment of leases without proper notice or disclosure.<br><br>[Page 11, paragraphs 38-40, D.I. 191] | The Debtors have added language to the Proposed Confirmation Order to address this objection, as discussed in paragraph 135 of the Memorandum. *See* Proposed Confirmation Order ¶ 28(d). | **The language in the Proposed Confirmation Order should resolve this objection.** |

| Limited Objection and Reservation of Rights of Salesforce.com, Inc. to the Assumption and Assignment of Executory Contracts and Release [D.I. 184] *and* Declaration of Kevin Ramirez in Support of the Limited Objection and Reservation of Rights of Salesforce.com, Inc. to the Assumption and Assignment of Executory Contracts [D.I. 185] | | | |
|---|---|---|---|
| **ITEM** | **OBJECTION** | **RESPONSE** | **STATUS** |
| **7A.** | The Debtors are required to pay $351,710.49 (the "**Salesforce Cure Amount**") to cure the default under their contract with salesforce.com (the "**Salesforce Contract**"), and the Confirmation Order should condition the effectiveness of the Debtors' assumption of the Salesforce Contract on payment of the Salesforce Cure Amount.<br><br>[Page 6, paragraph 11, D.I. 184]<br><br>[Page 10, paragraph C.1, D.I. 184] | Salesforce has agreed to withdraw its objection upon payment of the Salesforce Cure Amount. The Debtors have paid the Salesforce Cure Amount and are awaiting confirmation that payment has been received. | **Pending resolution** |

| | Limited Objection and Reservation of Rights of Salesforce.com, Inc. to the Assumption and Assignment of Executory Contracts and Release [D.I. 184] *and* Declaration of Kevin Ramirez in Support of the Limited Objection and Reservation of Rights of Salesforce.com, Inc. to the Assumption and Assignment of Executory Contracts [D.I. 185] | | |
|---|---|---|---|
| **ITEM** | **OBJECTION** | **RESPONSE** | **STATUS** |
| **7B.** | If the Salesforce Contract is assumed and assigned, then the identity of the assignee must be disclosed to salesforce.com along with evidence of adequate assurance of future performance, including the payment of future amounts under the Salesforce Contract of not less than $1,500,470.44.<br><br>[Page 8, paragraphs 15-16, D.I. 184]<br><br>[Page 10, paragraph C.2, D.I. 184] | See response to Item 7A above. | **Pending resolution** |
| **7C.** | The Confirmation Order should contain specific findings of fact regarding the Salesforce Contract.<br><br>[Pages 9-10, paragraph A, D.I. 184] | See response to Item 7A above. | **Pending resolution** |
| **7D.** | The Confirmation Order should provide that the release in Section 10.6(b) of the Plan shall not be effective with respect to salesforce.com, the asserted cure amount or the Salesforce Contract unless and until the Salesforce Cure Amount has been paid in full.<br><br>[Page 10, paragraph C.3, D.I. 184] | See response to Item 7A above. | **Pending resolution** |

| Joinder of Washington Prime Group Inc. to the Limited Objection of Certain Landlords to the Debtors' Proposed Joint Prepackaged Plan of Reorganization Under Chapter 11 of the Bankruptcy Code [D.I. 231] | | | |
|---|---|---|---|
| **ITEM** | **OBJECTION** | **RESPONSE** | **STATUS** |
| **8A.** | Washington Prime Group, Inc. joins and incorporates by reference the arguments in Weingarten's Limited Objection [D.I. 164, Item 4 above]. <br><br> [Page 3, paragraphs 8-11, D.I. 231] | See responses to Items 2C, 2D and 2E above. | **See status of Items 2C, 2D and 2E above** |

| Limited Objection, Joinder and Reservation of Rights of Cumberland Avenue Plaza, L.L.C. to the Debtors' (I) Proposed Joint Prepackaged Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, and (II) Disclosure Statement for Joint Prepackaged Chapter 11 Plan of Reorganization of David's Bridal, Inc. and its Affiliated Debtors [D.I. 233] | | | |
|---|---|---|---|
| **ITEM** | **OBJECTION** | **RESPONSE** | **STATUS** |
| **9A.** | Section 4.6(b) of the Plan should be amended to clarify that the holders of Allowed General Unsecured Claims, including holders of claims arising from lease rejections shall be paid in full and unimpaired. <br><br> [Page 3, paragraphs 7-8, D.I. 233] | The Debtors submit that Section 4.6(b) of the Plan is clear on its face and that no changes are necessary to clarify the treatment of Allowed General Unsecured Claims. | **Disputed** |

| | | | |
|---|---|---|---|
| Limited Objection, Joinder and Reservation of Rights of Cumberland Avenue Plaza, L.L.C. to the Debtors' (I) Proposed Joint Prepackaged Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, and (II) Disclosure Statement for Joint Prepackaged Chapter 11 Plan of Reorganization of David's Bridal, Inc. and its Affiliated Debtors [D.I. 233] | | | |
| **ITEM** | **OBJECTION** | **RESPONSE** | **STATUS** |
| **9B.** | The collateral should not include liens against the landlord's lease, and the exit financing lenders should not be granted rights of entry or occupancy. The exit financing should not be secured by a lien against the landlord's lease of non-residential property, and should not permit rights of entry without landlord consent. [Pages 3-5, paragraphs 9-13, D.I. 233] | The Debtors do not intend to grant the exit financing lenders liens against the Debtors' leases or provide them with rights of entry or occupancy in violation of applicable non-bankruptcy law. | **Pending resolution** |
| **9C.** | The Debtors cannot enter into any restructuring transactions, as contemplated by Section 5.10 of the Plan, which are not permitted by the landlord's lease. [Page 5, paragraph 14, D.I. 233] | The Debtors do not believe that the landlord's requested prohibition against restructuring transactions is appropriate. | **Disputed** |
| **9D.** | Cumberland Avenue Plaza, L.L.C.'s rights of setoff, recoupment and subrogation must be preserved. Sections 6.7 and 10.5 of the Plan should not diminish the ability of the landlords to exercise such rights. [Page 6-7, paragraphs 15-19, D.I. 233] | The Debtors have added language to the Proposed Confirmation Order to address this objection, as discussed in paragraph 135 of the Memorandum. *See* Proposed Confirmation Order ¶ 35. | **The language in the Proposed Confirmation Order should resolve this objection.** |
| **9E.** | Any assignment of the landlord's lease under the Plan must be done with notice and adequate assurance to the landlord [Pages 7-8, paragraphs 7-21, D.I. 233] | The Debtors have added language to the Proposed Confirmation Order to address this objection, as discussed in paragraph 135 of the Memorandum. *See* Proposed Confirmation Order ¶ 28(d). | **The language in the Proposed Confirmation Order should resolve this objection.** |

| ITEM | OBJECTION | RESPONSE | STATUS |
|---|---|---|---|
| **9F.** | The Debtors and/or Reorganized Debtors cannot alter the treatment of the landlord's lease after entry of an order confirming the Plan. Specifically, Section 8.8(d) of the Plan violates section 365(d)(4) of the Bankruptcy Code by impermissibly extending the time period for rejecting leases beyond the Confirmation Date. [Page 8, paragraphs 22-23, D.I. 233] | See response to Item 2D above | **Disputed** |
| **9G.** | Any assumption of the landlord's lease must be *cum onere* with the Debtor or the Reorganized Debtor assuming liability for all obligations for rent that has accrued but which is not yet billed or due, maintenance charges, and indemnity obligations. Section 8.1(b) of the Plan should be clarified to preserve claims as to not yet accrued charges under leases post-confirmation. [Page 9, paragraphs 24-26, D.I. 233] | The Debtors have added language to the Proposed Confirmation Order to address this objection, as discussed in paragraphs 135 of the Memorandum. *See* Proposed Confirmation Order ¶ 28(b). | **The language in the Proposed Confirmation Order should resolve this objection.** |

| ITEM | OBJECTION | RESPONSE | STATUS |
|------|-----------|----------|--------|
| **9H.** | Section 10.6(b) of the Plan does not provide for a consensual release and creditor claims are not unimpaired if the creditors are required to object in order to be excluded as releasing parties.<br><br>[Page 10, paragraph 27, D.I. 233] | The Court-approved notice of the Combined Hearing provided a mechanism by which Unimpaired Creditors could opt out of the releases in the Plan by filing an objection. Consistent with that mechanism, because of this specific objection, Cumberland Avenue Plaza, L.L.C. will not be deemed to have granted the releases in Section 10.6(b) of the Plan. | **The Debtors do not believe that there is a live controversy with respect to this objection given that the releases in Section 10.6(b) of the Plan will not apply to Cumberland.** |

Limited Objection, Joinder and Reservation of Rights of Cumberland Avenue Plaza, L.L.C. to the Debtors' (I) Proposed Joint Prepackaged Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, and (II) Disclosure Statement for Joint Prepackaged Chapter 11 Plan of Reorganization of David's Bridal, Inc. and its Affiliated Debtors [D.I. 233]

Joinder of Madison Waldorf LLC to Weingarten's Limited Objection to (1) Notice of Assumption of Executory Contracts and Unexpired Leases of Debtors and Related Procedures, (2) Joint Prepackaged Chapter 11 Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, and (3) Disclosure Statement for the Joint Prepackaged Plan of Reorganization Under Chapter 11 of the Bankruptcy Code. [D.I. 234]

| ITEM | OBJECTION | RESPONSE | STATUS |
|------|-----------|----------|--------|
| **10A.** | Madison Waldorff LLC joins and incorporates by reference the arguments articulated by Weingarten's Limited Objection [D.I. 164, Item 4 above].<br><br>[Pages 1-2, paragraphs 1-3, D.I. 234] | See responses to Items 2C, 2D and 2E above | **See status of Items 2C, 2D and 2E above**. |

| ITEM | OBJECTION | RESPONSE | STATUS |
|------|-----------|----------|--------|
| Comenity Capital Bank's Limited Objection and Reservation of Rights with Respect to (1) the Notice of Assumption of Executory Contracts and Unexpired Leases of Debtors and Related Procedures and (2) the Proposed Joint Prepackaged Plan of Reorganization Under Chapter 11 of the Bankruptcy Code. [D.I. 246] | | | |
| **11A.** | Comenity's Program Agreement with the Debtors should be specifically identified as an assumed executory contract [Pages 9-10, D.I. 246] | The Debtors have agreed in principle with Comenity to resolve this objection and are currently working on language for the Proposed Confirmation Order to document such resolution. | **Resolution Pending** |
| **11B.** | The Debtors must cure certain asserted defaults under the Program Agreement with a letter of credit and/or reserve the amount of current and future Pre-Funded Transactions. [Pages 10-11, D.I. 246] | See response to Item 11A above | **Resolution Pending** |
| **11C.** | The Debtors must provide Comenity with adequate assurance of future performance. [Pages 11-12, D.I. 246] | See response to Item 11A above | **Resolution Pending** |
| **11D.** | If Comenity's Program Agreement with the Debtors is assumed, the Debtors cannot reject the program agreement after plan confirmation. [Pages 12-13, D.I. 246] | See response to Item 11A above | **Resolution Pending** |

| Comenity Capital Bank's Limited Objection and Reservation of Rights with Respect to (1) the Notice of Assumption of Executory Contracts and Unexpired Leases of Debtors and Related Procedures and (2) the Proposed Joint Prepackaged Plan of Reorganization Under Chapter 11 of the Bankruptcy Code. [D.I. 246] | | | |
|---|---|---|---|
| **ITEM** | **OBJECTION** | **RESPONSE** | **STATUS** |
| **11E.** | If Comenity's Program Agreement with the Debtors is assumed, the Debtors must assume all of the contract's burdens; the Debtors cannot selectively eliminate certain obligations under the Program Agreement. [Pages 13-15, paragraphs 26-30, D.I. 246] | See response to Item 11A above | **Resolution Pending** |
| **11F.** | The Debtors cannot assume and assign Comenity's Program Agreement with the Debtors without proper disclosure and protection of Comenity's rights. [Page 15, paragraph 31, D.I. 246] | See response to Item 11A above | **Resolution Pending** |

## III. _Objections to the Debtors' Assumption of Executory Contracts and Unexpired Leases_

| Limited Objection and Reservation of Rights of Cumberland Avenue Plaza, L.L.C. to the Debtors' Notice of Assumption of Executory Contracts and Unexpired Leases of Debtors and Related Procedures [D.I. 186] | | | |
|---|---|---|---|
| **ITEM** | **OBJECTION** | **RESPONSE** | **STATUS** |
| **12A.** | The Plan does not require notice of any proposed assignment nor does the Plan require the proposed assignee to provide adequate assurance of future performance.<br><br>[Pages 2-3, paragraphs 7-8, D.I. 186 ] | The Debtors have added language to the Proposed Confirmation Order to address this objection, as discussed in paragraph 135 of the Memorandum. _See_ Proposed Confirmation Order ¶ 28(d). | **The language in the Proposed Confirmation Order should resolve this objection.** |
| **12B.** | The Debtor's proposed cure amount of $0.00 is subject to change through and including the date of assumption.<br><br>[Page 3, paragraph 9, D.I. 186] | The Debtors are working with the Cumberland Avenue Plaza to reconcile any outstanding Cure Amount. | **Resolution pending.** |
| **12C.** | The Debtors must assume liability for accrued but unbilled or not due rent and charges as well as indemnity obligations.<br><br>[Pages 3-4, paragraphs 10-13 D.I. 186] | The Debtors have added language to the Proposed Confirmation Order to address this objection, as discussed in paragraphs 135 of the Memorandum. _See_ Proposed Confirmation Order ¶ 28(b). | **The language in the Proposed Confirmation Order should resolve this objection.** |

| CBL & Associates Management, Inc.'s ("**CBL**") Limited Objection to Debtor's Stated Cure Amounts  [D.I. 192] |
|---|---|---|---|
| **ITEM** | **OBJECTION** | **RESPONSE** | **STATUS** |
| **13A.** | As a condition to assuming the landlords' leases, the Debtors must pay the landlords' attorney's fees and expenses.<br><br>[Page 3, paragraph 12, D.I. 192] | The Debtors and CBL have agreed upon the Cure Amounts for CBL's lease.  CBL has agreed to withdraw its objection once payment of the Cure Amounts is received, subject to entry of the Proposed Confirmation Order containing language that resolves Items 12B and 12C below. | **Pending resolution** |
| **13B.** | The Debtors' proposed Cure Amounts are objected to and rights to file supplementary cure objections are reserved.<br><br>[Page 3, paragraphs 13-15, D.I. 192] | See response Item 12A above. | **Pending resolution** |
| **13C.** | The Debtors must pay all Cure Amounts with respect to the landlords' leases owed from December 11, 2018 through the effective date of assumption, including amounts to be invoiced after December 11, 2018.<br><br>[Pages 3-4, paragraph 15, D.I. 192] | See response Item 12A above. | **Pending resolution** |

| Limited Objection of Washington Prime Group Inc. to the Notice of Assumption of Executory Contracts and Unexpired Leases of Debtors and Related Procedures [D.I. 193] | | | |
|---|---|---|---|
| **ITEM** | **OBJECTION** | **RESPONSE** | **STATUS** |
| **14A.** | The Cure Amount under the Debtors' leases with landlords represented by Washington Prime Group Inc. is $2,199.51, and the Debtors remain liable for fees that accrue in the future. The Debtors' assumption of their leases with landlords represented by Washington Prime Group Inc. must be conditioned on the Debtors' compliance with section 365 of the Bankruptcy Code and the payment of all amounts due and owing under the leases through the effective date of the assumption.<br><br>[Page 3, paragraphs 9-11, D.I. 193] | The Debtors agree with the Cure Amount asserted in the objection. Further, the Debtors have added language to the Proposed Confirmation Order to address this objection, as discussed in paragraphs 135 of the Memorandum. *See* Proposed Confirmation Order ¶ 28(b). | **The language in the Proposed Confirmation Order should resolve this objection.** |
| **14B.** | Under their leases with landlords represented by Washington Prime Group, the Debtors are liable for certain indemnification and contribution obligations, attorney's fees and may be liable for certain other unknown claims, including year-end adjustments and reconciliation charges. Each of these obligations must be assumed, paid and otherwise cured by the Debtors if the leases are to be assumed under the Plan.<br><br>[Page 3, paragraph 12-15, D.I. 193] | The Debtors have added language to the Proposed Confirmation Order to address this objection, as discussed in paragraphs 135 of the Memorandum. *See* Proposed Confirmation Order ¶ 28(b). | **The language in the Proposed Confirmation Order should resolve this objection.** |

| | | | |
|---|---|---|---|
|  | Limited Objection of Brookfield Properties Retail Group, Hines Real Estate Investment Trust, Inc., Philips International Holding Corp., and Site Centers Corp. to the Notice of Assumption of Executory Contracts and Unexpired Leases of Debtors and Related Procedures [D.I. 197] |
| **ITEM** | **OBJECTION** | **RESPONSE** | **STATUS** |
| **15A.** | The Debtors are obligated to cure all defaults prior to the assumption of leases to which Brookfield Properties Retail Group, Hines Real Estate Investment Trust, Inc., Philips International Holding Corp., and SITE Centers Corp. (collectively, the "**Landlords**") are counterparties. The Cure Amounts have yet to be reconciled with the Debtors. The Landlords reserve the right to adjust the Cure Amounts to include accruals for monthly rent, maintenance costs, taxes, insurance costs and attorneys' fees.<br><br>[Page 3, paragraphs 7-9, D.I. 197] | The Debtors were only informed of the Landlords' asserted Cure Amounts on December 28, 2018. The Debtors do not yet agree with the Cure Amounts that have been asserted and may dispute certain asserted amounts. To the extent a dispute exists, the Debtors believe it should be handled in accordance with the Plan and the Proposed Confirmation Order. Further, the Debtors have added language to the Proposed Confirmation Order to address this objection, as discussed in paragraphs 135 of the Memorandum. *See* Proposed Confirmation Order ¶ 28(b). | **The Debtors are currently investigating the asserted Cure Amounts by the Landlords and may dispute certain amounts.** |
| **15B.** | The Debtors, as well as any of their assignees, are obligated to provide adequate assurance of future performance under all leases to which the Landlords are counterparties by satisfying any adjustment amounts due in accordance with the terms of the leases, regardless of whether such amounts were incurred before or after assumption or assignment. In addition, the Debtors must comply with all contractual obligations to indemnify the Landlords by either assuming all responsibility for such claims or purchasing adequate insurance.<br><br>[Page 3-4, paragraph 9-13, D.I. 197] | The Debtors have added language to the Proposed Confirmation Order to address this objection, as discussed in paragraphs 135 of the Memorandum. *See* Proposed Confirmation Order ¶ 28(b). | **The language in the Proposed Confirmation Order should resolve this objection.** |

| Limited Objection, Joinder and Reservation of Rights of Levin Management Corporation to the Notice of Assumption of Executory Contracts and Unexpired Leases of Debtors and Related Procedures [D.I. 204] | | | |
|---|---|---|---|
| **ITEM** | **OBJECTION** | **RESPONSE** | **STATUS** |
| **16A.** | The Debtors must cure all defaults prior to assuming or assigning their lease with Levin Management Corporation, including attorneys' fees and pecuniary damages resulting from the Debtors' default. Any assumption of the lease must be *cum onere*, accepting all benefits and burdens of the lease.<br><br>[Page 2-3, paragraphs 7-10, D.I. 204] | The Debtors have added language to the Proposed Confirmation Order to address this objection, as discussed in paragraphs 135 of the Memorandum. *See* Proposed Confirmation Order ¶ 28(b). | **The language in the Proposed Confirmation Order should resolve this objection.** |

| Limited Objection of KIR Maple Grove L.P., KIR Tukwila, L.P., 280 Metro Limited Partnership and Amerishop Suburban, L.P. to Debtors' Notice of Assumption of Unexpired Leases of Debtors and Related Procedure [D.I. 225] | | | |
|---|---|---|---|
| **ITEM** | **OBJECTION** | **RESPONSE** | **STATUS** |
| **17A.** | The Debtors must pay all outstanding cures associated with the properties they lease from the objecting landlords. As of 12/21/18, the parties are yet to resolve potential cure objections.<br><br>[Page 2, paragraphs 5-6, D.I. 225] | The Debtors have agreed upon the outstanding Cure Amount owing with respect to this objection. The landlords have agreed to withdraw their objection upon payment of the Cure Amount. The Debtors are awaiting confirmation that the Cure Amount has been received. | **Pending resolution** |

| Limited Objection of KIR Maple Grove L.P., KIR Tukwila, L.P., 280 Metro Limited Partnership and Amerishop Suburban, L.P. to Debtors' Notice of Assumption of Unexpired Leases of Debtors and Related Procedure [D.I. 225] | | | |
|---|---|---|---|
| **ITEM** | **OBJECTION** | **RESPONSE** | **STATUS** |
| **17B.** | The undersigned landlords join the objections of other landlords to the extent they are not inconsistent with the objections herein. [Page 2, paragraphs 7, D.I. 225] | See response to Item 16A above. | **Pending resolution** |

| Limited Objection of ARC CTCHRNC001, LLC, ARC SSSDLLA001, LLC, Brixmor Operating Partnership LP, Centerpoint Development Company L.L.C., Federal Realty Investment Trust, Gateway Pinole Vista, LLC, Manana-DCIT, LLC, PGIM Real Estate, R46 Realty Associates, L.P., Starwood Retail Partners, LLC, The Macerich Company and Weitzman to the Notice of Assumption of Executory Contracts and Unexpired Leases of Debtors and Related Procedures [D.I. 229] | | | |
|---|---|---|---|
| **ITEM** | **OBJECTION** | **RESPONSE** | **STATUS** |
| **18A.** | The Debtors' Cure Notice fails to provide for the payment of all obligations due under the leases, including non-monetary defaults, year-end adjustments to expenses such as taxes, common area maintenance and insurance, as well as accruing attorneys' fees associated with the chapter 11 case. [Pages 3-8, paragraphs 5-14, D.I. 229] | The Debtors have added language to the Proposed Confirmation Order to address this objection, as discussed in paragraphs 135 of the Memorandum. *See* Proposed Confirmation Order ¶ 28(b). | **The language in the Proposed Confirmation Order should resolve this objection.** |

**IV.** ***Objections to the Debtor's Combined (1) Determination of the Adequacy of Their Disclosure Statement and (2) Confirmation of their Proposed Join Prepackaged Plan of Reorganization Including but not Limited to the Releases Contained in The Plan***

| | | | |
|---|---|---|---|
| Objections and Reservation of Rights of Jenny Yoo Collection, Inc. to the Debtors Sought After Combined (1) Determination of the Adequacy of their Disclosure Statement and (2) Confirmation of Their Proposed Joint Prepackaged Plan of Reorganization Including but not Limited to the Releases Contained in the Plan  [D.I. 238] | | | |
| **ITEM** | **OBJECTION** | **RESPONSE** | **STATUS** |
| **19A.** | The Plan's injunction, and related provisions are inconclusively ambiguous.  Specifically, Sections 10.3 and 10.5 of the Plan are contrary to the terms of Section 7.1.  Jenny Yoo interprets the release provisions of the Plan as significantly impairing its ability to pursue legal claims against the Debtors. <br><br>[Pages 14-15, paragraphs 27-29, D.I. 238] | The Proposed Confirmation Order contains language that clarifies that the release provisions of the Plan do not impair Jenny Yoo's litigation claims against the Debtors.  *See* Proposed Confirmation Order ¶ 39. | **The language in the Proposed Confirmation Order should resolve this objection.** |
| **19B.** | The Plan provides an insufficient basis for allowing third party releases and corresponding injunction terms as they pertain to CD&R, which Jenny Yoo alleges conspired with the Debtors to infringe upon Jenny Yoo's intellectual property rights. <br><br>[Page 15-19, paragraphs 30-38, D.I. 238] | The Court-approved notice of the Combined Hearing provided a mechanism by which Unimpaired Creditors could opt out of the releases in the Plan by filing an objection.  Consistent with that mechanism, at the request of Jenny Yoo, the Debtors have added language to the Proposed Confirmation Order clarifying that Jenny Yoo will not be deemed to have granted the release in Section 10.6(b) of the Plan. | **The language in the Proposed Confirmation Order should resolve this objection.** |
| **19C.** | The Third Circuit has not yet decided whether bankruptcy courts have the constitutional authority to authorize non-consensual third party releases. <br><br>[Pages 19-22, paragraphs 39-45, D.I. 238]. | As reflected in paragraphs 62 to 86 of the Memorandum, the Debtors seek approval of the Plan Releases only on a consensual basis.  Further, as noted above, Jenny Yoo will not be deemed to have granted the releases in Section 10.6(b) of the Plan. | **The language in the Proposed Confirmation Order renders this objection moot.** |

| | Objections and Reservation of Rights of Jenny Yoo Collection, Inc. to the Debtors Sought After Combined (1) Determination of the Adequacy of their Disclosure Statement and (2) Confirmation of Their Proposed Joint Prepackaged Plan of Reorganization Including but not Limited to the Releases Contained in the Plan  [D.I. 238] | | |
|---|---|---|---|
| **ITEM** | **OBJECTION** | **RESPONSE** | **STATUS** |
| **19D.** | The plan is unconfirmable because it provides no opportunity for creditors to opt out of the third-party release. [Pages 22-23, paragraphs 46-48, D.I. 238] | As noted in the response to Item 18A above, the Plan did provide a mechanism for Unimpaired Creditors to opt out of the Plan's third-party release, which Jenny Yoo has exercised by filing its objection. | **The language in the Proposed Confirmation Order renders this objection moot.** |