IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| DAVID'S BRIDAL INC., *et al.*, | ) ) | Case No. 18-12635 (LSS) |
| Debtors. | ) ) ) | Jointly Administered |
| | ) ) ) | **Related to Docket Nos. 138, 12, 13 and 164** |

**SUPPLEMENT TO WEINGARTEN'S LIMITED OBJECTION TO
(1) NOTICE OF ASSUMPTION OF EXECUTORY CONTRACTS AND
UNEXPIRED LEASES OF DEBTORS AND RELATED PROCEDURES,
(2) JOINT PREPACKAGED CHAPTER 11 PLAN OF REORGANIZATION
UNDER CHAPTER 11 OF THE BANKRUPTCY CODE, AND (3) DISCLOSURE
STATEMENT FOR THE JOINT PREPACKAGED CHAPTER 11 PLAN OF
REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

Landlords Weingarten Nostat, Inc. and Weingarten/Miller/Aurora II LLC and GDC Aurora, LLC, as tenants in common, for which Weingarten Realty Investors serves as managing agent (collectively, "Weingarten"), hereby supplement the objection filed on December 11, 2018 [D.I. 164] (the "Weingarten Objection"), with respect to the cure claims associated with the Weingarten Leases.[1]

1. As noted in the Weingarten Objection, a component of the cure claims relating to the Weingarten Leases is attorney's fees and costs incurred by Weingarten in connection with preserving and enforcing their rights and the Debtors' obligations thereunder. The Weingarten Leases each contain provisions authorizing recovery of attorney's fees and costs.[2]

2. As of the date of this supplemental pleading, Weingarten has incurred attorney's fees and costs in this matter in the approximate amount of $7425 (subject to adjustment for fees

---

[1] Capitalized terms not defined herein have the meanings given to them in the Weingarten Objection.

[2] *See e.g.,* Scottsdale Lease, attached as Exhibit A to the Weingarten Objection, at § 22.2(e) and the Aurora Lease, attached as Exhibit B to the Weingarten Objection, at § 16.05.

and costs incurred hereafter), which can be split evenly between and added to the cure claims associated with the Weingarten Leases.

3. As reflected in the pleadings, including the proposed confirmation order and revised Plan, filed by the Debtors on December 28, 2018, Weingarten's (and other landlord's) actions to date in seeking pre-filing to resolve issues and in formally raising the issues with respect to several features of the Plan as originally filed which made it not confirmable features of the Plan and to preserve their rights and the Debtors' obligations under the Weingarten Leases (and other landlords' leases) was necessary and reasonable.[3]

WHEREFORE, Weingarten respectfully objects to the Assumption Notice, the Plan and to the Disclosure Statement and hereby supplements such objections as set forth herein; and requests such relief as the Court deems just and proper.

Dated: December 31, 2018      **SAUL EWING ARNSTEIN & LEHR LLP**

/s/ *John D. Demmy*
John D. Demmy (Bar No. 2802)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Telephone: 302-421-6848
Facsimile: 302-421-5881
E-mail: john.demmy@saul.com

*Attorneys for Weingarten Nostat, Inc. and Weingarten/Miller/Aurora II LLC and GDC Aurora, LLC, as tenants in common*

---

[3] Weingarten does not by such statement consent to the changes made to the Plan or the form of proposed confirmation order. Prior to the filing of such pleadings Weingarten had provided comments to the Debtors and is in the process of reviewing the pleadings filed on December 28th. Weingarten intends to continue to work collaboratively with the Debtors and other interested parties in a reasonable attempt to resolve issues prior to the confirmation hearing.

2